MARY HANSON *v.* DEPARTMENT OF
INCOME MAINTENANCE
(4662)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued December 2, 1986—decision released February 24, 1987

*Lawrence R. Pellett,* for the appellant (plaintiff).

*Edward F. Reynolds, Jr.,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellee (state).

SPALLONE, J. The plaintiff is appealing from the judgment of the trial court dismissing her administrative appeal. The plaintiff claims the trial court erred (1) in dismissing her appeal for her failure to adhere to statutory time limitations, and (2) in dismissing the appeal in violation of her constitutional right of equal protection.

On or about February 28, 1985, the defendant, the department of income maintenance, held a hearing to determine whether the plaintiff continued to be eligible for title XIX income assistance. The defendant found that the plaintiff was ineligible for continued benefits and mailed the plaintiff notice of its decision on May 3, 1985. On Monday, June 3, 1985, thirty-one days after the mailing of the notice of decision, the plaintiff initiated her appeal of the decision by mailing a copy of her appeal petition by certified mail to the defendant. The defendant moved that the matter be dismissed on the ground that the court lacked jurisdiction to hear the appeal because the defendant was served more than thirty days after notice of the administrative decision was sent to the plaintiff. The court granted the motion and the plaintiff appealed.

In her first claim, the plaintiff asserts that the trial court erred in holding that she had failed to serve the defendant within the time prescribed under General Statutes § 4-183 (b). The service requirement of § 4-183 (b) provides in pertinent part: "Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of such notice . . . except that service upon an agency may

be made by . . . mailing a copy of the petition by registered or certified mail, postage prepaid . . . to the office of the commissioner of the agency or to the office of the attorney general in Hartford." The plaintiff claims that because the last day for service fell on a Sunday, a day when the United States postal service was not open to accept certified or registered mail, her service by certified mail on the next day, a Monday, was sufficient to satisfy the requirements of General Statutes § 4-183 (b).

Our Supreme Court has repeatedly held that appeals from administrative officers or boards exist only under statutory authority. *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* 201 Conn. 350, 356, 514 A.2d 749 (1986); *Farricielli* v. *Personnel Appeal Board,* 186 Conn. 198, 201, 440 A.2d 286 (1982); *East Side Civic Assn.* v. *Planning & Zoning Commission,* 161 Conn. 558, 560, 290 A.2d 348 (1971). The right to appeal, being purely statutory, will be accorded only if the conditions fixed by statute are met. *Fidelity Trust Co.* v. *Lamb,* 164 Conn. 126, 134, 318 A.2d 109 (1972). The time limitations in the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq., under which the plaintiff has appealed, are not merely procedural limitations but are essential parts of the remedy and are mandatory. *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* supra; *Royce* v. *Freedom of Information Commission,* 177 Conn. 584, 587, 418 A.2d 939 (1979); *Norwich Land Co.* v. *Public Utilities Commission,* 170 Conn. 1, 6, 363 A.2d 1386 (1975). These provisions are jurisdictional in nature and, if not complied with, render the appeal subject to dismissal. *Basilacato* v. *Department of Public Utility Control,* 197 Conn. 320, 324, 497 A.2d 48 (1985); *Royce* v. *Freedom of Information Commission,* supra.

A claim similar to the plaintiff's was considered by this court in *Atkins* v. *Bridgeport Hydraulic Co.,* 5

Conn. App. 643, 646, 501 A.2d 1223 (1985). There, the plaintiff served the defendant with notice of an appeal on the thirty-first day after the mailing of notice of three adverse decisions by the commission on human rights and opportunities. In interpreting General Statutes § 4-183 (b), we observed that our Supreme Court has required strict compliance with statutory provisions governing administrative appeals, and stated: "Where the last day to appeal fell on Sunday, as was the case here, service of process on the following day did not satisfy the statutory requirements." *Atkins* v. *Bridgeport Hydraulic Co.,* supra; see also *Norwich Land Co.* v. *Public Utilities Commission,* supra, 5 (final day to effect service of administrative appeal fell on Saturday, service on the following Monday insufficient to satisfy statute).

Despite this authority, the plaintiff claims that under *Lamberti* v. *Stamford,* 131 Conn. 396, 40 A.2d 190 (1944), the plaintiff could properly serve the defendant on Monday when the deadline fell on a Sunday. *Lamberti* held that when the final day of a period for giving notice falls on a holiday, the giving of notice on the next day is sufficient. Id., 401. We note that *Lamberti* concerned a civil matter rather than an administrative appeal and was specifically distinguished by our Supreme Court in *Norwich Land Co.* v. *Public Utilities Commission,* supra. Here, as in *Norwich Land Co.,* the plaintiff could have effected service on the final day of the period by delivering the appeal process to the proper officer on that day. General Statutes § 52-593a. While the plaintiff claims that her indigency prevented her from using this method of service, she did not avail herself of the provisions of General Statutes § 4-183 (i), which provide for a tolling of the time limits for effectuating an appeal when an appellant applies for waiver of costs and fees. Furthermore, we note that the record does not reflect whether the plain-

tiff established that all post offices convenient to her were actually closed on Sunday.[1] We conclude, therefore, that the trial court correctly concluded that it lacked jurisdiction over this matter because the plaintiff failed to meet the service deadline of General Statutes § 4-183 (b).

In her second claim, the plaintiff contends that the trial court's interpretation of § 4-183 (b) denied her equal protection under the law as guaranteed by the fourteenth amendment to the United States constitution. The plaintiff asserts that, as interpreted by the trial court, General Statutes § 4-183 (b) unconstitutionally discriminates against appellants unable to afford service of process fees and who therefore must use certified mail, thereby allowing wealthier appellants at least one day more than poorer appellants to initiate service of notice of an appeal. This claim was not raised at the trial court. Consequently, we will not consider it on appeal. Practice Book § 4185 (formerly § 3063); *Verrasto* v. *Sivertsen,* 188 Conn. 213, 218, 448 A.2d 1344 (1982).

There is no error.

In this opinion the other judges concurred.

---

[1] We note that, as of the present date, the post office at Bradley Airport in Windsor Locks is open on Sundays.