GIUSEPPE PALMIERI *v.* GILBERT WINNICK
(4702)

DUPONT, C. J., SPALLONE and BIELUCH, Js.

---

[1] We note that, as of the present date, the post office at Bradley Airport in Windsor Locks is open on Sundays.

Argued November 7, 1986—decision released February 24, 1987

*Mark F. Griffin,* with whom, on the brief, was *Allen A. Marks,* for the appellant (plaintiff).

*Jeremy G. Zimmermann,* with whom, on the brief, was *Mary R. Morris,* for the appellee (defendant).

BIELUCH, J. The plaintiff appeals from the trial court's granting of summary judgment for the defendant. He claims that the trial court erred in its interpretation of General Statutes § 31-293a of the Workers' Compensation Act, thereby erroneously concluding that the plaintiff failed to demonstrate the existence of any material issue of fact. We find no error.

The following facts are not in dispute. The plaintiff sued the defendant for legal malpractice arising from the plaintiff's retention of the defendant to prosecute on behalf of the plaintiff any and all claims arising out of an employment accident that occurred on June 21, 1979. The plaintiff was injured when a forklift operated by a fellow employee ran over his foot. The plaintiff claimed that the defendant was negligent in failing to inform him of the possibility of suing the former fellow employee for the alleged negligent operation of the forklift under General Statutes § 31-293a of the Workers' Compensation Act.

The trial court granted the defendant's motion for summary judgment, finding that the plaintiff had failed

to produce any documentary evidence suggesting the existence of a disputed factual issue and demonstrating the collectibility of any judgment which may have been obtained. See *Palmieri* v. *Winnick,* 40 Conn. Sup. 144, 482 A.2d 1229 (1984). Upon the stipulation of the parties, the trial court vacated this summary judgment.

After the plaintiff amended his complaint, the defendant again moved for summary judgment, claiming that the amended complaint did "nothing to create a genuine issue as to the material fact that any judgment which plaintiff may have obtained against his fellow employee would not have been collectible." In his objection to the motion for summary judgment, the plaintiff claimed that a judgment against the fellow employee could have been collected under the employer's "Comprehensive General Liability" insurance policy. The plaintiff acknowledged that the policy specifically excluded "bodily injury to any employee of the Insured arising out of and in the course of employment by the Insured." He contended, however, that General Statutes § 31-293a rendered that provision of the policy ineffective. The plaintiff relied upon the last two sentences of General Statutes § 31-293a, which renders null and void any provision of motor vehicle insurance policies which "excludes from coverage thereunder any agent, representative or employee of the owner of a motor vehicle involved in an accident with a fellow employee . . . . " He argued that under General Statutes § 31-293a, the exclusion in the employer's comprehensive general liability insurance policy must be disregarded.

A hearing was held on the motion for summary judgment, at which time the plaintiff agreed that it was necessary to establish the collectibility of any possible judgment, and that, absent the availability of insurance coverage, the putative judgment would not be collectible. The court granted the motion for summary judg-

ment, finding that the policy in question specifically excluded coverage under the facts of the case, and that General Statutes § 31-293a did not nullify the insurance policy's exclusionary provision. It is this finding that the plaintiff challenges in this appeal.

The relevant portion of General Statutes § 31-293a provides: "No insurance policy or contract shall be accepted as proof of financial responsibility of the owner and as evidence of the insuring of such person for injury to or death of persons and damage to property by the commissioner of motor vehicles required by chapter 246 [Motor Vehicles] if it excludes from coverage under such policy or contract any agent, representative or employee of such owner from such policy or contract. Any provision of such an insurance policy or contract effected after July 1, 1969, which excludes from coverage thereunder any agent, representative or employee of the owner of a motor vehicle involved in an accident with a fellow employee shall be null and void." The plaintiff argues that the nullification provision applies to the employer's comprehensive general liability insurance policy, even though he conceded at oral argument before this court that the policy was never submitted to or accepted by the commissioner of motor vehicles pursuant to chapter 246 of the motor vehicle laws. We disagree with the plaintiff's contention.

When General Statutes § 31-293a is read as a whole; see *Hayes* v. *Smith,* 194 Conn. 52, 58, 480 A.2d 425 (1984); and in accordance with the plain meaning of the language employed by the legislature; see General Statutes § 1-1 (a); *Hayes* v. *Smith,* supra; it is clear that the nullification provision of the statute invalidates the fellow worker's exclusion only in insurance policies submitted and accepted as proof of financial responsibility required under the motor vehicle laws as specified in the statute. We find, therefore, that the trial court

was correct in concluding that the plaintiff could not have recovered under the employer's comprehensive general liability insurance policy. There being no material issue of fact regarding the uncollectibility of a putative judgment against the plaintiff's fellow employee, the trial court correctly rendered summary judgment for the defendant.[1]

There is no error.

In this opinion the other judges concurred.

---

[1] In his brief, the defendant offers an alternative ground to support the result reached by the trial court. He argues that at the time of the plaintiff's injury, June 21, 1979, a forklift was not considered a motor vehicle under General Statutes § 31-293a, which then provided, in relevant part, as follows: "If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee except for negligence in the operation of a motor vehicle as defined in section 14-1 or unless such wrong was wilful or malicious." General Statutes (Rev. to 1979) § 31-293a.

There is no indication in the record, nor does the defendant claim, that this issue was raised before the trial court. We shall, therefore, decline to review it. See Practice Book § 4185 (formerly § 3063). Furthermore, the defendant failed to file a preliminary statement of issues which asserted this alternative ground in support of the conclusion of the trial court, as required by Practice Book § 4013 (formerly § 3012). Cf. *State* v. *McIver*, 201 Conn. 559, 568 n.3, 518 A.2d 1368 (1986).