[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Ruling Re: Motion To Intervene As Additional Plaintiffs (5/2/90 — File #123)
Frank and Grace Alampi, of Windsor, and Route Seven Corporation, of Windsor Locks, have requested permission to intervene as party plaintiffs by motion dated May 2, 1990.
This appeal was filed on or about July 28, 1989. General Statutes Section 8-8 establishes the time period within which an aggrieved party may appeal from the decision of a zoning authority. "`A statutory right of appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.'" Bridgeport Bowl-O-Rama, Inc. v. Zoning Board of Appeals, 195 Conn. 276, 283 (1985). "The right to appeal, being purely statutory, will be accorded only if the conditions fixed by statute are met . . . time limitations . . . are not merely procedural limitations but are essential parts of the remedy and are mandatory. Hanson v. Department of Income Maintenance, 10 Conn. App. 14,16 (1987).
The instant motion to intervene was filed several months after the expiration of the statutory appeal period. Intervention as plaintiffs, at such point in time, in this administrative appeal would circumvent statutory time limitations. See: Orange Mall Shopping Center Company Limited Partnership v. Town Planning and CT Page 725 Zoning Commission of Town of Orange, 16 CLT 13, p. 31 (4/30/90); Stonington Planning and Zoning Commission v. Stonington Zoning Board of Appeals, 13 CLT 18 (5/4/87).
The motion to intervene as additional plaintiffs (File #123) is Denied.
The objections (File #127 and #128) to said motion to intervene are Sustained.
MULCAHY, J.