[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff has taken the present appeal from an adverse decision rendered after a hearing before the Department of Income Maintenance. The decision from which the plaintiff's appeals was rendered on July 23, 1991 and mailed, by certified mail, on that CT Page 5251 date to the plaintiff's home. The present appeal was filed in court on September 9, 1991 which was a Monday, and which is 48 days after the date upon which notice was mailed to the plaintiff.
The defendant has moved to dismiss the action on the grounds that General Statutes 4-183(c) provides, in part, as follows:
 Within 45 days after mailing of the final decision under Section 4-180 . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the Attorney General in Hartford and file the appeal with the Clerk of the Superior Court. . ." (emphasis supplied).
The plaintiff admits receiving the notice of the decision on July 30th and indicates that there was a delay in the document reaching his attention.
Appeals from administrative agencies or boards only exist under statutory authority and the provisions are jurisdictional in nature and, if not complied with, render the appeal subject to dismissal. Hanson v. Department of Income Maintenance,10 Conn. App. 14, 16 (1987). The plaintiff has not complied with the statute governing the appeal process because, under the statute, it would have been necessary to have filed the appeal in the superior Court on Friday, September 6, 1991. The mailing of the notice by the agency and the receipt of that notice by the plaintiff institutes a meaningful opportunity to be heard. Rogers v. Commission on Human Rights and Opportunities, 195 Conn. 543, 549
(1985).
Accordingly, the Motion to Dismiss the appeal is hereby granted.
RUSH, JUDGE