[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
James and Beatrice Greaves, the plaintiffs-applicants, appeal from the action of the defendant Town of Morris, Connecticut ("the Town"), and the Town's Board of Tax Review ("the Board"). The plaintiffs contest the defendants' tax assessment of the plaintiffs' real property.
The first, second and third counts relate to property located at 266 Watertown Road. Count one is an appeal from an excessive assessment pursuant to General Statutes Section 12-118. Count two alleges an unlawful assessment pursuant to General Statutes Section 12-119. Count three appeals the denial of farmland classification pursuant to General Statutes Section 12-107. Count four pertains to real property located at 69, 75 and 87 Anderson Road, and appeals the termination of farmland classification pursuant to General Statutes Sections 12-107c and 12-504h.
On July 2, 1992, the defendant filed a motion to dismiss counts one, three, and four of the plaintiffs' appeal. Attached to this motion was a supporting memorandum. On July 14, 1992, the plaintiffs filed a memorandum in opposition to the motion to dismiss.
The following facts are pertinent to the determination of this motion. On March 18, 1992, the Board refused to revise the valuation of the aforesaid properties, and the plaintiffs brought this appeal. The plaintiffs' application, citation and recognizance are all signed and dated May 12, 1992. On May 18, 1992, personal service was made on the Morris Town Clerk; on Philip Birkett, First Selectman of the Town; on Norval Lunan, Chairman of the Board; and on David Fenn and Gregory Margaitis, members of the Board. On May 20, 1992, the sheriff's return, dated May 18, 1992, and the application, citation and recognizance were filed and time stamped in the clerk's office of the Litchfield Superior Court.
The motion to dismiss is provided for in Practice Book Sections 142-146, and is the proper manner by which to assert lack of jurisdiction over the subject matter. Practice Book Section 143. "Although every presumption is to be indulged in favor of jurisdiction," LeConche v. Elligers, 215 Conn. 701, CT Page 7774 710, 579 A.2d 1 (1990), "whenever the court determines that it lacks jurisdiction over the subject matter, the action shall be dismissed." Practice Book Section 145. See also Castro v. Viera, 207 Conn. 420, 429-30,541 A.2d 1216 (1988).
In their memorandum in support of the motion to dismiss, the defendants contend that the plaintiffs failed to commence the challenged counts of this action by service of process on the Town within two months from the date of the Board's decision in accordance with General Statutes Sections12-107c and 12-118. Specifically, the defendants claim that this action should have been commenced no later than May 17, 1992. In their opposing memorandum, the plaintiffs rebut this claim, stating that they have commenced their suit within the two month period. The plaintiffs also contend that those counts of their appeal directed at the denial of farmland classification pursuant to General Statutes Section12-107c are not bound by the two month period articulated in General Statutes Section 12-118. Rather, the plaintiffs claim that the Section 12-107 counts are governed by the appeal period set forth in General Statutes Section 12-119. That section allows for an appeal to be brought "within one year from the date as of which the property was last evaluated for purposes of taxation. . . ." General Statutes Section 12-119.
The act of service upon the defendant is the time at which the plaintiff is deemed to have filed his appeal. Gregersen v. Wilton, 5 CSCR 119, 120 (December 18, 1989, Cioffi, J.); Valley Cable Vision, Inc. v. Public Utilities Comm'n, 175 Conn. 30, 392 A.2d 485 (1978); Allen v. Town of Goshen, 6 CSCR 1030, 1031 (December 2, 1991, Pickett, J.) As was noted, supra, personal service was made on May 18, 1992.
A "`statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.'" Citizens Against Pollution Northwest, Inc. v. Connecticut Siting Council,217 Conn. 143, 152, 584 A.2d 1183 (1991) (quoting Chestnut Realty Inc. v. Commission on Human Rights Opportunities, 201 Conn. 350, 35, 514 A.2d 7849 (1986)). See also Allen, supra. Additionally, "statutory provisions limiting time within which to take an. . . appeal are mandatory and, if not complied with, render an appeal subject to dismissal." Gregersen, supra, 19 (citing Fleischmann v. Planning Zoning Comm'n of the Town of Wethersfield, 38 Conn. Sup. 590,456 A.2d 791 (App. Sess. 1982).
I. GENERAL STATUTES SECTION 12-118
CT Page 7775
General Statutes Section 12-118 states, in pertinent part, that:
 [A]ny person . . . claiming to be aggrieved by the findings or determinations of the Connecticut appeals board for property valuation may, within two months from the time of such action make application, in the nature of an appeal therefrom, to the superior court. . . .
General Statutes Section 12-118.
The dispositive issue, then, is whether the present appeal was commenced within two months of the Board's action. If the plaintiffs did not appeal within two months of the Board's action, their appeal must be dismissed. Allen, supra.
The date of the Board's action is the date on which it makes its decisions, not the date on which it mails its decision to the applicant or the date on which the applicant receives the decision. See, e.g., Trap Falls Realty Holding Limited Partnership, 5 CTLR 212, 213 (November 21, 1991, Spear, J.) Allen, supra, 1031; Robbins v. Goshen, 5 CTLR 171, 173 (October 24, 1991, Pickett, J.); Hall v. Goshen,6 CSCR 1025, 1026 (October 24, 1991, Pickett, J.) Thus, it is on that date that the two-month clock begins ticking. See, e.g., Allen, supra. Therefore, for this appeal to be timely, the plaintiffs would have to have served process, Gregersen, supra, 120, before the appeal period expired two months after March 18, 1992.
Two months, as that term is used in General Statutes Section 12-118, refers to two calendar months. General Statutes Section 1-1(i). See also Krajaniak v. Wilson, 157 Conn. 126, 130, 249 A.2d 249 (1968). In Krajaniak, supra, the court, in construing a "months long" period of time, stated that:
 . . . [I]f the first day of the period is other than the first day of the month, such as July 5 . . . the period of one month would terminate at the end of August 4 rather than at the end of August 5. The same rule applies where the period, as here consists of several months.
Id., 130.
In accordance with Krajaniak, supra, the plaintiffs must have commenced their appeal by service of process before "the end of [May 17, 1992]." Id. However, in the present CT Page 7776 case, May 17, 1992, fell on a Sunday. In Small v. South Norwalk Savings Bank, 205 Conn. 751, 535 A.2d 1292 (1988), the court stated that "`if the last day for performance of certain acts falls on a Sunday or a legal holiday, the doing of that act on the following day would be timely.'" Id., 758. See also Lamberti v. Stamford, 131 Conn. 396, 400,40 A.2d 190 (1944). However, as was noted in Hanson v. Department of Income Maintenance, 10 Conn. App. 14, 17,521 A.2d 208 (1987), "Lamberti [and Small] concerned. . . civil matter[s] rather than . . . administrative appeal[s]." Hanson, supra, citing Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1, 5, 363 A.2d 1386 (1975). In Hanson, supra, the court, relying on this distinction, stated that "the plaintiff could have effected service on the final day of the period by delivering the appeal process to the proper officer on that day."
Furthermore, an examination of the language of General Statutes Section 12-118 reveals that an appeal under that section "shall be returnable at the same time and served and returned in the same manner as is required in case of a summons in a civil action." General Statutes Section 12-118
(emphasis added). Consequently, this court must now turn to General Statutes Section 52-57. That section states, in pertinent part, that:
 (a) Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state.
 (b) Process in civil actions against the following-described classes of defendants shall be served as follows: (1) Against a town, upon its clerk, assistant clerk, manager or one of its selectmen. . . .
General Statutes Section 52-57.
Consequently, process in this matter could have been served by leaving a true and attested copy of the same at, for example, the Town Clerk's usual place of abode. General Statutes Section 52-57. Indeed, such service of process could even have been effectuated on a Sunday. Consequently, in accordance with Krajaniak, supra, Norwich Land Co., supra, Hanson, supra, and General Statutes Section52-57, process as to those counts brought under General Statutes Section 12-118 should have been served before "the end of May 17, 1992." Krajaniak, supra. Because the CT Page 7777 statutory provisions limiting the time within which to take an appeal were not satisfied, those counts must be dismissed. See, e.g., Gregersen, supra, 19; Fleischmann, supra.
II. GENERAL STATUTES SECTION 12-107C
This court must now consider those counts pertaining to General Statutes Section 12-107c, specifically, counts three, six, nine and twelve. The plaintiffs-applicants contend that they have a one year appeal period pursuant to General Statutes Section 12-119 during which to bring this appeal and, therefore, the motion to dismiss should be denied.
General Statutes Section 12-107c states, in pertinent part, that:
 (d) Any person aggrieved by the denial of any application for the classification of land as farm land shall have the same rights and remedies for appeal and relief as are provided in the general statutes for taxpayers claiming to be aggrieved by the doings of assessors or boards of tax review.
General Statutes Section 12-107c(d).
In Marshall v. Newington, 156 Conn. 107, 114,239 A.2d 478 (1968), the plaintiffs appealed to the Court of Common Pleas from a decision of the board of tax review of the Town of Newington, The Board had denied relief to the plaintiffs on their appeals from the refusal of the assessor to classify and assess tracts of their land as farmland pursuant to General Statutes Section 12-107c. The court, in examining the manner in which the appeals were brought, turned to General Statutes Section 12-111. That section "authorizes any person claiming to be aggrieved by the doings of assessors to appeal to the board of tax review, `which shall determine all such appeals.'" Id., quoting General Statutes Section 12-111. The Marshall court then stated that "[s]ection 12-118 authorizes an appeal to the Court of Common Pleas by any person claiming to be aggrieved by an action of the board of tax review." Marshall, supra. Because the plaintiffs had followed this procedure in bringing their appeal, the Marshall court found that their appeal was properly brought. Thus, the provisions of General Statutes Section 12-118 are to be followed with regard to taking an appeal from the denial of a farmland classification pursuant to General Statutes Section 12-107c. Therefore, the two month period within which to file an appeal applies to Section12-107c challenges. See also Holloway Bros., Inc. v. Avon,26 Conn. Sup. 164, 167, 214 A.2d 701 (1965, Mignone, J.) CT Page 7778 (stating that "[s]ections 12-107c(d) and 12-118 of the General Statutes clearly require that an appeal such as the instant one must be taken within two months from the time of the action taken"). Consequently, this court's earlier analysis of the two month appeal period pursuant to General Statutes Section 12-118 is dispositive as to this issue.
In accordance with the foregoing analysis, the motion to dismiss is granted.
PICKETT, J.