[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
The plaintiff, Timothy Sutera, filed an appeal with this court on October 6, 1992 from the decision of the Board of Firearms Permit Examiners (hereinafter "Board") revoking his pistol permit. The Board moved to dismiss the plaintiff's appeal on the ground that it was not timely served pursuant to General Statutes 4-183(c). The plaintiff attached to his appeal a postal receipt for certified mail which indicates that the appeal was deposited with the post office to be sent certified mail to the Board on CT Page 225 October 2, 1992, and was received by the Board on October 6, 1992. The parties have stipulated that the Board's decision from which the plaintiff is appealing was rendered on August 20, 1992 and was sent to the plaintiff by certified mail on August 21, 1992.
"The right to appeal to the courts from the decision of an administrative agency exists only if given by statute . . . and is conditioned upon strict compliance with the provisions by which it is created." (citations omitted). Rogers v. Commission on Human Rights and Opportunities,195 Conn. 543, 550 (1985). The time limits prescribed by statute are mandatory and the failure of a plaintiff to comply with these time limitations deprives the court of jurisdiction to hear the appeal. Hanson v. Department of Income Maintenance,10 Conn. App. 14, 16 (1987).
General Statutes 4-183(c) provides in pertinent part:
 "Within forty-five days after mailing of the final decision under section 4-180, . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford and file the appeal with the clerk of the superior court . . . . Service of the appeal shall be made by (1) United States mail, certified or registered, postage prepaid, return receipt requested . . ., or (2) personal service by a proper officer or indifferent person making service in the same manner as complaints are served in ordinary civil actions."
The Board argues that appeals served by certified mail are served on the date they are received. Because the appeal was received by the Board on October 6, 1992, the Board argues further, forty-six days after the Board mailed its decision to the plaintiff, then the appeal was not timely served and should be dismissed. The plaintiff argues that an CT Page 226 appeal is served under General Statutes 4-183-(c)(1) when it is deposited with the post office.
In Hanson v. Department of Income Maintenance, supra, the plaintiff appealed from the trial court's decision dismissing her appeal on the ground that it was not timely filed, and argued that "because the last day for service fell on a Sunday, a day when the United States Postal Service was not open to accept certified or registered mail, her service by certified mail on the next day, a Monday, was sufficient to satisfy the requirements of General Statutes 4-183." Id., 16. The plaintiff cited Lamberti v. Stamford, 131 Conn. 396
(1944), in support of her position which held that when the final day for giving notice falls on a holiday, giving notice on the next day is sufficient. Id., 17. The court dismissed the plaintiff's appeal and distinguished Lamberti on the ground that it concerned a civil matter rather than an administrative appeal. Id., 17. The court suggested that the plaintiff could have effected service on the final day by delivering the appeal process to the proper officer on that day pursuant to General Statutes 52-293a. Id., 17. The court stated further:
 "While the plaintiff claims that her indigency prevented her from using this method of service, she did not avail herself of the provisions of General Statutes 4-183(i) which provide for a tolling of the time limits for effectuating an appeal when an appellant applies for waiver of costs and fees. Furthermore, we note that the record does not reflect whether the plaintiff established that all post offices convenient to her were actually closed on Sunday."
Hanson, supra, 17-18.
The court noted that the post office at Bradley Field Airport is open on Sundays. Hanson, supra, 18, n. 1.
As stated, General Statutes 4-183(c) says: "Service of the appeal shall be made by (1) United States mail, certified or registered, postage prepaid, return CT Page 227 receipt requested . . ." (emphasis added.) Reading the statute as a whole, the court concludes that the service by the certified mail alternative provided in the statute is effective upon mailing. This conclusion is buttressed by the implication drawn from the Hanson court's discussion, i.e., that service would have been effective if mailed on the last day for service. See also Practice Book 122, "Service by mail is complete upon mailing."
As the appeal was mailed to the Board on October 2, 1992, which was within the forty-five day period, the service complied with the statute and the Board's motion fails on this ground.
However, this does not end this court's inquiry into its jurisdiction to hear the plaintiff's appeal. It is clear that the plaintiff must also file his appeal with the court within forty-five days from the date of the mailing of the Board's decision. Raines v. Freedom of Information Commission, 221 Conn. 482, 487 (1992). Miller v. Conservation Commission, 27 Conn. App. 590 (1992).
Here, as stipulated by the parties, the plaintiff filed his appeal with the clerk of the court on October 6, 1992, forty-six days after the Board mailed its decision to the plaintiff. Although the issue of timely filing of the appeal was not raised by the parties, ". . . the court has a duty to dismiss, even on its own initiative, any appeal that it lacks jurisdiction to hear." Sasso v. Aleshin, 197 Conn. 87,89 (1985). "The failure to file an appeal from an administrative decision within the time set by statute renders the appeal invalid and deprives the court of jurisdiction to hear it." Rogers v. Commission on Human Rights and Opportunities, 195 Conn. 543, 550 (1985). See also Glastonbury Volunteer Ambulance Association, Inc. v. Freedom of Information Commission, 7 Conn. L. Rptr. 621. (December 21, 1992, Maloney, J.).
As the late filing of the appeal deprived this court of jurisdiction to hear it, the motion to dismiss is granted, and the appeal is dismissed for lack of jurisdiction.
Teller, J. CT Page 228