[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
In 1978, the plaintiffs entered into a contract to build four roads in Litchfield for Pat DiNardo. When Mr. DiNardo breached the contract, in June 1979, by not paying for the work on schedule, the plaintiffs ceased further performance under the contract.
In June 1981, the plaintiffs retained the defendant law firm to institute a lawsuit against DiNardo for damages for breach of contract. In September 1981, the defendants did so, filing a complaint and obtaining a prejudgment remedy against DiNardo and one of his business entities for $53,000. The PJR attached certain parcels of land in the Avalon Farms development in Litchfield that everyone assumed was owned by DiNardo, but which had, in fact, been transferred by him in January 1979 to another corporation of which he was a principal, Gold Key Builders, Inc.
The plaintiffs obtained a judgment in May 1983 against DiNardo for $40,712.50, and promptly filed a judgment lien on the same parcels. DiNardo appealed the judgment, but the Supreme Court affirmed in February 1985.
In 1987, it became clear to the plaintiffs and defendant here that they could not foreclose on the attached property to satisfy the judgment because it had been owned since January 1979 by a different corporate entity. In September 1987, plaintiffs, represented by the defendant law firm, brought an action alleging fraudulent conveyance against DiNardo and Gold Key, but the court (Pickett, J.) held that the action was barred by the three year statute of limitation.
The plaintiffs now brings this action against the defendant CT Page 7771 for malpractice and breach of contract in its work on the legal and land title matters, essentially alleging that had the defendant acted according to the standard of care, it would have discovered in September 1981 that it had an inadequate prejudgment remedy. There was still time then to search for other assets to secure the debt or to bring a fraudulent conveyance action to force reconveyance and allow the proper attachment of the Avalon Farms properties.
The defendant has moved for summary judgment, claiming that there is no material issue of fact to be tried. The defendant argues that it must prevail as a matter of law, since the plaintiffs have failed to produce any evidence that any assets of DiNardo ever existed to satisfy the 1983 judgment.
In order to prevail, it is necessary for plaintiffs to establish the collectibility of the judgment, Palmieri v. Winnick,10 Conn. App. 18 (1987), since the inability to collect is the injury the plaintiff alleges. The plaintiffs have produced nothing in their papers in opposition to summary judgment to support that DiNardo ever had any assets out of which the judgment could have been satisfied. The plaintiff Fuessenich has denied knowledge of any assets held by DiNardo which could have been used to satisfy the judgment. Plaintiff's Response to Defendant's Interrogatories, dated September 4, 1990, #6. Furthermore, there is nothing to support the plaintiffs' contention that if the defendant had used due care and had a fraudulent conveyance action been successful, the attached property had any market value. The plaintiff, whose credentials in the area of valuation of open land and roadways is unknown, asserts in his affidavit of July 26, 1993, that the property had sufficient value to satisfy the judgment; but such an assertion by a non-owner, non-expert is not competent evidence. Cf., Lovejoy v. Darien, 131 Conn. 533, 536
(1945).
The plaintiffs fail as a matter of law to present any evidence supporting this essential element of their claim. The Defendant's Motion for Summary Judgment is granted.
/s/ Patty Jenkins Pittman, J. PATTY JENKINS PITTMAN CT Page 7772