[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR REARGUMENT
On December 31, 1991, the plaintiff, Joseph L. Raub, filed a two-count complaint against the defendants Francis T. Londregan and the law firm of Conway, Londregan McNamara, P.C., formerly known as Conway, Londregan, Leuba, McNamara and Sussler, P.C. (hereinafter the "firm"). In his first count, the plaintiff alleges that he retained Attorney Londregan to represent his interests in the sale of certain real estate. The plaintiff claims that Attorney Londregan breached his contract of representation by failing to perfect a security interest which was to secure a promissory note that the plaintiff accepted from John Carboni, the buyer of the aforementioned real estate. The plaintiff further alleges that Carboni subsequently filed for bankruptcy, and as a result of Attorney Londregan's failure to perfect the security interest, the plaintiff was an unsecured creditor and thus did not receive payment from the Carboni's bankrupt estate.
In his second count, the plaintiff realleges the facts in the first count and asserts that the defendant firm is liable to the plaintiff because Attorney Londregan was acting as its agent, servant, or employee.
On September 1, 1992, the defendants filed an answer and three special defenses. The defendants assert the following as special defenses: 1) the plaintiff's action is time barred by General Statutes 52-577; 2) the plaintiff's action is time barred by General Statutes 52-581; and 3) the plaintiff's complaint fails to state a claim upon which relief may be granted.
The plaintiff replied to the defendants' special defenses on September 28, 1992.
On November 5, 1992, the defendants filed a motion for summary judgment. In their supporting memorandum, the defendants assert that they are entitled to summary judgment because: 1) the action is time barred by General Statutes52-577; and 2) the plaintiff, as a secured creditor, would not have been able to collect his debt against the bankrupt debtor as he had no assets. The defendants attached to their CT Page 10225 memorandum of law the affidavit of John Carboni.
The plaintiff filed an objection to the defendants' motion for summary judgment on December 8, 1992. In his accompanying memorandum of law the plaintiff argues that: 1) General Statutes 52-577 is not applicable because the plaintiff is suing the defendants for breach of contract;[1] and 2) there exists a genuine issue of material fact regarding the plaintiff's debtor's assets.
The court, Hurley, J., granted the defendants' motion for summary judgment on December 8, 1992. After setting aside the judgment on the ground that the plaintiff did not have an opportunity to argue his objection, the court, Hurley, J., set aside the judgment and heard reargument on August 31, 1993.
DISCUSSION
A party is entitled to summary judgment if the pleadings, affidavits and other proof submitted show that there is no genuine issue of material fact and that, as a matter of law, the moving party is entitled to judgment. Practice Book 384. Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). The movant bears the burden of proving the nonexistence of material facts. Strada v. Connecticut Newspapers, 193 Conn. 313,317, 477 A.2d 1005 (1984). The court must view the evidence in the light most favorable to the nonmovant. D.H.R. Construction v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908
(1980). "A motion for summary judgment shall be supported by such documents as may be appropriate, including, but not limited to, affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book 380. Once the moving party has put forth his proof, the nonmovant "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313,317, 477 A.2d 1005 (1984).
In order to prevail in an action against an attorney, the plaintiff must not only plead and prove that the attorney breached a duty owed to the plaintiff, but he must also prove that there were assets available to secure a judgment against Carboni. Palmieri v. Winnick, 10 Conn. App. 18, 521 A.2d 210
(1987). CT Page 10226
The defendants presented the affidavit of John Carboni in which he states the following:
 "The secured creditor holding a first priority position, namely The Union Bank and Trust Company was awarded what business assets remained in satisfaction of its debt. The creditor abandoned the assets and determined them to be worthless. It is my opinion that if my obligation to Mr. Raub was collateralized with a security agreement and a UCC-1 financing statement in 1986 as a first priority position, that secured position would not have resulted in a payment of a dividend to him, just as it did not result in a payment to Union Trust Company, the creditor who had a first priority position."
The plaintiff filed his own affidavit in which he states that as of December 31, 1990, Carboni's business had in excess of $179,000. The plaintiff also attached' to his memorandum of law in opposition to the defendants' motion for summary judgment, several pages of a computer printout purporting to be the balance sheet of Carboni's business as of December 31, 1990. The computer printouts are uncertified.
Affidavits must be made upon personal knowledge. Practice Book 381. The plaintiff does not demonstrate in his affidavit that he has personal knowledge of Carboni's assets. Therefore, any statement made by the plaintiff in his affidavit regarding Carboni's assets was not made upon personal knowledge, and is inadmissible hearsay. See Dowling v. Kielak, 160 A.2d 14, 18, 273 A.2d 716, 718 (1970). Accordingly, the court may not rely on any such statement.
Furthermore, the computer printouts offered by the plaintiff as Carboni's balance sheets are likewise inadmissible because they are not accompanied by an attestation of anyone having knowledge of their authenticity and their veracity.
Accordingly, based upon Carboni's statement that the first lienholder abandoned Carboni's assets as worthless, the court hereby finds that the plaintiff would not have been able to secure a collectible judgment against Carboni even had his CT Page 10227 claim been secured. The plaintiff has offered no admissible evidence to contradict Carboni's affidavit. The defendant has proven that there does not exist any issue of material fact. The defendant is, therefore, entitled to judgment as a matter of law.
The Motion for Summary Judgment is hereby granted.
Hurley, J.