[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, administrator of the estate of Kathe A. Goebel, appeals the decision of the defendant commissioner of social services denying the estate certain medicaid benefits under Title XIX of the federal Social Security Act. The commissioner acted through her duly appointed fair hearing officer and the decision was based on various provisions of the department's Uniform Policy Manual. The plaintiff appeals pursuant to General Statutes § 4-183. The court finds the issues in favor of the defendant commissioner.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. Prior to her death, Kathe A. Goebel was a resident at Kimberly Hall, a long term care facility. Her affairs were managed by three attorneys in fact under a joint power of attorney. In July 1993, one of the attorneys in fact filed an application for Medicaid benefits in behalf of Goebel. The department of social services denied the application, and there was no request for a fair hearing or any other contest of the department's decision.
Goebel died on September 5, 1993, while still a resident of Kimberly Hall. On October 25, 1993, Kimberly Hall filed an application for Medicaid benefits for Goebel, retroactively, presumably to attempt to recover amounts due and unpaid at her death. The department denied the application, and the plaintiff requested a fair hearing. The department held a hearing on January CT Page 5664 26, 1994.
On February 16, 1994, the fair hearing officer mailed the final decision to the parties. The hearing officer found that during each of the three months prior to Goebel's death, she maintained bank accounts far in excess of the $1600 Medicaid limit. He further found that the money was at all times accessible to Goebel and her attorneys in fact and that the money remained as an asset of her estate at her death. After Goebel's death, the estate paid some bills, but not those due Kimberly Hall. There was evidence that the amount owed Kimberly Hall at Goebel's death exceeded her assets.
The plaintiff filed this appeal with the clerk of the Superior Court on April 4, 1994. That is the forty-seventh day after the mailing of the final decision. Accordingly, the court and the defendant questioned the court's jurisdiction under General Statutes § 4-183. That statute requires that appeals be filed within forty-five days after the mailing of the decision. After considering the issue, however, the court concludes that the appeal was timely filed.
The forty-fifth day after the mailing of the final decision was April 2, 1994. the court takes judicial notice of the fact that April 2, 1994, was a Saturday and the court was closed that day as well as Sunday, April 3. General Statutes § 51-347c provides that if the last day for filing a matter in court falls on a day when the clerk's office is closed, the last day for filing shall instead be the next business day. In this case, the plaintiff filed the appeal on the next business day, Monday, April 4, 1994, and it was, accordingly, timely. The defendant's citation of Hanson v. Department of Income Maintenance, 10 Conn. App. 14 (1987), is off the point. That case concerns service of process, which § 51-347c
does not address. The statute clearly saves the appeal in this instance.
The defendant commissioner also raises the issue of the lack of a specified return day in the original summons that was served on her. After the appeal was filed, the court permitted the plaintiff to amend the summons, including a return day, and denied the CT Page 5665 defendant's motion to dismiss. The court declines now to revisit that issue.
On appeal, the plaintiff advances several arguments, none of merit. First, the plaintiff contends that the hearing officer erred in denying the claim for benefits because, although the assets exceeded the legal limit, the amount of accrued medical expenses more than offset the excess assets. The flaw in this argument is that the plaintiff never reduced the assets by spending them down to within the Medicaid limit. The plaintiff may not, therefore, invoke the "resource spend down" rule enunciated by the Supreme Court in Matarazzo v. Rowe,225 Conn. 314 (1993), which would provide the only possible support for his position. In the absence of a spend down, the plaintiff never became eligible. Uniform Policy Manual, § 4005.15 A. 2.
The plaintiff also argues that the court should now overrule the department's denial of the July 1993 application for Medicaid, claiming that Goebel was eligible at that time and that she was prevented from requesting a fair hearing by the death of one of her attorneys in fact. This claim is, of course, utterly untimely and totally barred by the rule requiring exhaustion of administrative remedies.
The appeal is dismissed.
MALONEY, J.