[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 25, 1995, the plaintiff (hereafter "Martins") instituted this administrative appeal against the defendant (hereafter "State") challenging the State's revocation of his liquor license. The license was revoked by a decision of the Commission on August 10, 1995, and duly noticed to the plaintiff on or about August 12, 1995. There is no allegation as to when the decision was mailed by the State to Martins. The State has moved to dismiss the appeal contending that it was untimely and must be dismissed since it was filed and served forty-six (46) days after the decision was rendered. It, however, has failed to provide the court with any evidence indicating the date that the decision was mailed to Martins.
In ruling on the motion to dismiss, the court construes the complaint most favorably to the plaintiff. Duguay v. Hopkins,191 Conn. 222, 227 (1983). The motion to dismiss like a motion to erase admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. Barde v.Board of Trustees, 207 Conn. 59, 62.
This matter is controlled by the Uniform Administrative Procedure Act, General Statutes § 4-183(c), which provides, in pertinent part, "[w]ithin forty-five days after mailing of thefinal decision under section 4-180 . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision . . . and file the appeal with the clerk of the superior court . . . ." (Emphasis added.) If the forty-fifth (45th) day falls on a Sunday and the matter is not filed and served until the forty-sixth (46th) day, a Monday, the appeal must be dismissed as untimely. Hanson v. Department ofIncome Maintenance, 10 Conn. App. 14, 16-17.
To reiterate, in the present case, however, the State has provided no documentary evidence indicating when the decision was mailed to Martins. Martins has not pleaded the date in his appeal. Therefore, since the existing pleadings do not indicate when the decision was mailed, the court has no basis from which CT Page 13726 to calculate the forty-five (45) day period. Since every presumption is to be indulged in favor of jurisdiction; LeConchev. Elligers, 215 Conn. 701, 710; the court, accordingly, denies the motion to dismiss.
Moraghan, J.