[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The appellant, Virgilio Martins ("Martins"), has appealed the decision of the respondent, Department of Consumer Protection before the Liquor Control Commission ("Commission"), which decision resulted in a revocation of his permit to sell alcoholic liquor at the Old Oak Restaurant in Danbury, Connecticut. As the permittee and backer of the business, he has a specific, personal and legal interest in the subject matter of the decision and the adverse effect on that interest. United Cable Television ServicesCorp. v. Dept. of Public Utility Control, 235 Conn. 334, 342-43
(1995). He, therefore, is aggrieved by the decision of the agency, as he was subjected to the loss of his permit to sell alcoholic liquor. See Sec. 30-60 of the General Statutes.
The appeal is framed on two grounds. First, he contends that the commission violated his fourteenth amendment procedural due process rights by failing to notify him of his right to be represented by counsel at the administrative hearing. Second, the Commission failed to follow Department of Consumer Protection regulations, Regs., Conn. State Agencies Sec. 21a-1-22a, requiring that the notice in a contested case contain a statement that each respondent may be represented by counsel.
The respondent has offered several arguments in opposition to the appeal. Its most cogent claim is that the court lacks subject matter jurisdiction. That issue was partially addressed as a motion to dismiss, which was denied as "the defendant presented no documentary evidence indicating when the final decision was CT Page 1274 mailed to the plaintiff." On February 22, 1996, the court denied a second effort with the same motion stating "the court will not permit a series of attempts until a proper basis for the motion is discovered." Although there has been a previous ruling on the jurisdictional issue in these prior motions, it is nevertheless, within the authority of the court to reconsider its ruling.Steele v. Stonington, 225 Conn. 217, 219 n. 4 (1993). The obligation to revisit a claim of lack of jurisdiction made in the defendant's brief tempers the application of the doctrine of the law of the case. See Lewis v. Gaming Policy Board, 224 Conn. 693,699 (1993).[1] There now exists sufficient documentary evidence in the file to show that the court may well be without subject matter jurisdiction, and the court will reexamine the question.
"[O]nce the question of lack of jurisdiction . . . is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Citations omitted; internal quotation marks omitted.) Castro v. Viera, 207 Conn. 420, 429
(1988). Section 145 of the Practice Book recites that "[a]ny claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Lewis v. GamingPolicy Board, supra, 698.
The respondent supports its claim that the court lacks subject matter jurisdiction because the appellant failed to serve the appeal within the statutory time limits. "`Section 4-183(c) provides, in general terms, that an administrative appeal must, within forty-five days of delivery of the final decision to the person appealing, be filed with the court and served on the agency or the attorney general and on each party listed in the decision.' Tolly v. Department of Human Resources, 225 Conn. 13,19 (1993)." Glastonbury Volunteer Ambulance Assn., Inc. v. FOIC,227 Conn. 848, 852 (1993). The cited statute further provides that service of the appeal shall be made by (1) United States mail, certified or registered, postage prepaid, return receipt requested, without the use of a sheriff or other officer, or (2) personal service by a proper officer or indifferent person making service in the same manner as complaints are served in ordinary civil actions. Failure to serve the appeal within the statutory time limit, in fact, deprives the court of subject matter jurisdiction. Raines v. Freedom of Information Commission,221 Conn. 482, 487 (1992). CT Page 1275
The affidavit of Christina Kaiko, the individual who mailed the final decision to the appellant, the exhibits submitted by the respondent in its amended motion to dismiss, a copy of the U.S.P.S. green return receipt mail card and a copy of the U.S.P.S. certified mail receipt, support a finding that the Commission mailed its final decision on August 10, 1995. Section 4-183(c) requires that the appeal be both filed and served by September 24, 1995, to satisfy the forty-five day mandate imposed by statute after the date the commission mailed its decision. Since September 24, 1995 was a Sunday, the filing date was extended to September 25, 1995. "In accordance with Sec. 51-347c
of the General Statutes, the day for filing documents otherwise due on that Sunday was the following Monday. . . ." A.F.S.C.M.E.v. Board of Labor Relations, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 534489 (February 1, 1995, Maloney, J.). However, Sec. 51-347c does not apply to service. Procopek v. Commission of Social Services, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 536200 (May 23, 1995, Maloney, J.). In fact, "[w]here the last day to appeal fell on Sunday . . . service of process on the following day did not satisfy the statutory requirements." (Citations omitted; internal quotation marks omitted.) Hanson v.Department of Income Maintenance, 10 Conn. App. 14, 17 (1987). Therefore, since the appeal was sent to the Commission via overnight courier on September 25, 1995, and was received by the Commission on September 26, 1995, service was not completed within the requisite forty-five days.
Therefore, the court does not have subject matter jurisdiction and the appeal is, accordingly, dismissed.
Moraghan, J.