[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed May 28, 1997
The plaintiff appeals an order of the defendant department of children and families denying the plaintiff's request for removal of her child from foster care to relative foster care with the child's maternal great-grandmother. Before the court is the department's motion to dismiss. The court finds the issues in favor of the plaintiff.
The defendant advances essentially three arguments in support of its motion to dismiss: (1) that service of a copy of the appeal on the defendant was not timely; (2) that service was made incorrectly on the office of the attorney general; and (3) that the appeal was filed in the wrong court.
The parties agree that the final date for service of a copy of the appeal on the defendant was January 9, 1997. The parties also agree that the plaintiff's attorney mailed copies by certified mail, return receipt requested, to the department and to an assistant attorney general on January 9, received by both on January 10. The plaintiff filed the appeal in this court at the office of the clerk at 95 Washington Street, Hartford.
Section § 4-183 (c) provides that a copy of an appeal of an administrative decision must be served on all parties of record and filed in the superior court within forty-five days after mailing of the final decision. The failure to serve the appeal within the statutory time limit deprives the court of subject matter jurisdiction. Raines v. Freedom of InformationCommission, 221 Conn. 482, 487 (1992). With regard to the manner of service, the statute provides as follows:
 a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the Attorney General in CT Page 5281 Hartford . . . Service of the appeal shall be made by (1) United States mail, certified or registered, postage prepaid, return receipt requested, without the use of a sheriff or other officer . . . .
In Hanson v. Department of Income Maintenance,10 Conn. App. 14, 17-18 (1987), the Appellate Court indicated that service by mail pursuant to § 4-183 is accomplished at the time the copy of the appeal is deposited in the United States mail, not when it is received by the agency or attorney general. Although dictum, the court's statement is strong indication of what the law is. In a later Superior Court case, Sutera v. Board of Firearms, CV 52 45 34, Superior Court, judicial district of New London at New London, 8 CONN. L. RPTR. 200 (January 19, 1993, Teller, J.), the court agreed with the ruling in Hanson and held that the date of mailing is the date of service for purposes of 4-183.
This court agrees with the reasoning of the courts in Hanson
and Sutera and holds that the date of mailing is the date of service for purposes of § 4-183. To hold otherwise would subject the viability of the appeal, and thus the court's jurisdiction, to circumstances utterly beyond the control of the appellant, including the notorious unpredictability of mail delivery. The court's interpretation of § 4-183 in this regard is consistent with other provisions of that statute and the Practice Book. The court notes in this regard that the statute provides that the appeal period commences on the date the agency mails its final decision, not the date when the parties finally receive it. Also, in another context, Practice Book § 122 provides that service of pleadings on opposing parties "is complete upon mailing."
It is undisputed that the plaintiff's attorney in the present case mailed copies of the appeal in the prescribed manner within the time period required by the statute. The service was, therefore, timely.
The defendant's other arguments are without merit. The address of the commissioner of children and families is 505 Hudson Street, Hartford, and that is where the plaintiff's attorney mailed the copy of the appeal. She also mailed a copy of the appeal to the attorney general by sending it to an assistant attorney general at the attorney general's office at 110 Sherman Street, Hartford. That is where the attorney general's child CT Page 5282 protection department is located, including the particular assistant attorney general most familiar with the plaintiff's case. The fact that the attorney general himself is housed in the other office on Elm Street is devoid of significance.
Finally, the defendant argues that the appeal should be dismissed because it was filed in the office of the clerk of the Superior Court at Hartford, rather than in the "district of the superior court for juvenile matters, where the child is located," as required by General Statutes § 17a-15 (d). It is undisputed that the child is located in Hartford, and this means that the plaintiff should have filed her appeal in the Superior Court for juvenile matters in Hartford.
General Statutes § 51-351 provides that "No cause shall fail on the ground that it has been made returnable to an improper location." That statute is applicable to administrative appeals brought under § 4-183 and permits a court to transfer any case to the proper court in order to preserve the latter's jurisdiction. Sprague v. Commission on Human Rights andOpportunities, 3 Conn. 484 (1985).
The motion to dismiss is denied. The appeal is hereby transferred to the Superior Court for Juvenile Matters at Hartford.
MALONEY, J.