[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 1, 1997
The Defendant, State of Connecticut Department of Social Services (D.S.S.), moves to dismiss the Plaintiff's administrative appeal for an alleged failure to serve the agency within forty-five (45) days as mandated by General Statutes § 4-183.
The adverse agency decision was mailed on December 3, 1996, and the Plaintiff mailed a copy of the appeal to the Attorney General by certified mail on January 17, 1997 (the 45th day) when the appeal was filed in court. The copy of the appeal was not received by the Attorney General's office until January 22, 1997.
The case raises the issue of whether service is accomplished under § 4-183 (c) upon mailing, or upon receipt of such mailing. Section 4-183 authorizes service alternatives "Service of the appeal shall be made by (1) United States mail, certified or registered, postage prepaid, return receipt requested . . . or CT Page 7209 (2) . . . in the same manner as complaints are served in ordinary civil actions.
Section 4-183 (c) requires both the filing and service of the appeal within 45 days of the mailing of the agency decision. If an appeal is served or filed beyond such period, the Superior Court has no jurisdiction to entertain the appeal. GlastonburyVolunteer Ambulance Assn., Inc. v. FOIC, 227 Conn. 848, 852
(1993).
The Superior Courts which have considered this issue have split. The decisions in two cases have found service under §4-183 (c) effective upon mailing on the 45th day. Ramos v. DCF,
CV97 0567263, 19 CONN. L. RPTR. 535 J.D. of Hartford-New Britain at Hartford (Maloney, J., May 27, 1997); Sutera v. Board of Firearms,
CV 0524534, J.D. of New London at New London, 8 CONN. L. RPTR. 200 (Teller, J., January 19, 1993). A contrary result was reached inBittle v. Commissioner of Department of Social Services
CV95-0379527 S, J.D. of New Haven at New Haven, 19 CONN. L. RPTR. 396 (Dunnell, J., April 15, 1997).
The Appellate Court in Hanson v. Department of IncomeMaintenance, 10 Conn. App. 14 (1987) dealt with an administrative appeal wherein the plaintiff had mailed the decision on the 31st day. (Public Acts 1988, No. 88-317 changed the service period from 30 to 45 days.) In Hanson the 30th day was a Sunday. In finding the appeal untimely the Appellate Court in dicta indicated that mailing on the 30th day would have been effective service. 10 Conn. App. at 17-18.
This Court agrees with the decisions in Sutera and Ramos as well as the dicta in Hanson. The appeal period commences with the mailing of the decision. The plain language of § 4-183 (c) is consistent with allowing service to be accomplished by mailing rather than receipt.[1] This construction would also be consistent with avoiding a focus on the process or timeliness of the mails. The date of mailing through postal receipts, or even postmarks, seems more certain than receipt dates; which are more difficult to ascertain.
The mail option of § 4-183 (c) affords a less costly means of service. To require a party who is receiving public assistance, as in the instant case; to initiate service at an earlier date than a party who could afford to hire a sheriff, is to invite a constitutional due process challenge.[2] A court faced with alternate statutory constructions should choose the CT Page 7210 one which would be constitutionally sound. State v. Uretek, Inc.,207 Conn. 706, 719 (1988). "Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." Killinglyv. Connecticut Siting Council, 220 Conn. 516, 522 (1991).
Finding service accomplished upon mailing is also consistent with the Rules of Practice § 122 which provides that service of pleadings "is complete upon mailing."
The motion is denied.
McWEENY, J.