[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Airport Taxi Company, appeals from an April 26, 2001 decision of the Department of Transportation ("the department"), revoking the plaintiffs permit to operate a motor vehicle livery service. The department, in its brief, has raised the issue of whether the plaintiffs appeal should be dismissed for lack of subject matter jurisdiction based upon the plaintiffs failure to timely served its appeal on the department pursuant to General Statutes § 4-183 (c). The court held a hearing on this issue on February 20, 2002. For the reasons set forth below, the court dismisses the plaintiffs appeal for lack of subject matter jurisdiction.
General Statutes § 4-183 (c) of the Uniform Administrative Procedure Act ("UAPA") requires that: "Within forty-five days after mailing of the final decision under section 4-180 . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the Attorney General in Hartford. . . ." The administrative record indicates that the department mailed its decision to the plaintiff on April 26, 2001. Pursuant to § 4-183 (c), the plaintiff was required to serve a copy of its appeal by June 10, 2001. The court file indicates that the appeal was served by a state marshal on the office of the Attorney General on Monday, June 11, 2001, the forty-sixth day. (See Return of State Marshal Albenie Gagnon, June 11, 2001.)
Our Supreme Court has held that failure to serve and file an administrative appeal within forty-five days of mailing of the agency decision deprives the court of subject matter jurisdiction. GlastonburyVolunteer Ambulance Ass'n v. FOIC, 227 Conn. 848, 852 (1993). The plaintiff argues that since the filing deadline is extended when the last CT Page 3560 day for filing is a Sunday,[1] the date for service should also be extended.
Administrative appeals have both jurisdictional filing and service time constraints, Basilicato v. Department of Public Utility Control,197 Conn. 320, 324 (1985); but only the filing deadline has a non-business-day extension. See Martins v. State Department of ConsumerProtection, Superior Court, judicial district of Danbury, Docket No. 321932 (February 21, 1997, Moraghan, J.); Procopek v. Commissioner ofSocial Services, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 536200 (May 23, 1995, Maloney, J.). As the Appellate Court stated in Hanson v. Department of IncomeMaintenance, 10 Conn. App. 14, 17 (1987): "`Where the last day to appeal fell on a Sunday, as was the case here, service of process on the following day did not satisfy the statutory requirements.' Atkins v.Bridgeport Hydraulic Co., [5 Conn. App. 643, 646 (1985)]; see alsoNorwich Land Co. v. Public Utilities Commission, [170 Conn. 1, 5 (1975)] (final day to effect service of administrative appeal fell on Saturday, service on the following Monday insufficient to satisfy statute)."
The plaintiff argues that the legislature amended § 4-183 (c) after the Hanson decision and made the length of time for filing and service identical. Public Act 1988, No. 88-317,[2] The plaintiff relies uponBittle v. Commissioner of Social Services, 249 Conn. 503, 517 (1999) that the goal of the amendment was to simplify and end confusion over the commencement of an administrative appeal. From this, it is argued that the extension to file when the last day is a Sunday was also impliedly made applicable to the service deadline, overruling the holding inHanson. The court disagrees, however, that the legislature in making the two deadlines parallel also intended to create a new rule for service of process. Indeed, at the same time as § 4-183 was amended, General Statutes § 52-593 a was also amended to make clear that an administrative appeal is not subject to the provision that. service is timely if merely delivered to a state marshal on the final day for service on the defendant.[3]
In Hanson, the court noted that a copy of the appeal could have been mailed by the plaintiff on the final day to serve, and that the Bradley Field post office was open on Sunday. Hanson v. Department of IncomeMaintenance, supra, 10 Conn. App. 18 n. 1; see also Bittle v. Commissionof Social Services, supra, 249 Conn. 520 (holding that a plaintiff might accomplish service by depositing the appeal papers in the mail in accordance with § 4-183 (c)(1).) At oral argument, the plaintiff contended that the Appellate Court's reference in Hanson to the Bradley Field post office is inaccurate because while mail might be accepted on a Sunday, a post-mark or "green card" was not obtainable until the CT Page 3561 following day. The court gave the parties an opportunity to obtain more information on the availability of services at Bradley Field on Sunday. Based upon the submissions of the department, the court concludes that the Hanson observation is correct.[4]
As Hanson controls, the plaintiffs appeal is dismissed for lack of subject matter jurisdiction.
 ___________________ Henry S. Cohn, Judge