HODGSON, J.
 

 The two above entitled cases were ordered consolidated for trial and are before this court on motions for summary judgment. The parties have agreed that the briefs filed in both cases shall apply to the issues raised in the motions for summary judgment in either case.
 

 In Docket No. 92-0341538 (foreclosure case), the plaintiff, Citicorp Mortgage, Inc. (lender), seeks to foreclose a mortgage executed by the defendant Kathy Bainer to secure a loan to her and to the defendant Todd Bainer (borrowers). Todd Bainer has filed a counterclaim that, in its first count, alleges that the lender violated the federal Truth in Lending Act (act). 15 U.S.C. § 1601 et seq.
 

 In Docket No. 93-0349480, Kathy Bainer has brought an action seeking rescission of the loan transaction at issue in the other case, claiming that the transaction is rescindable under the act.
 

 The lender has moved for summary judgment both as to Kathy Bainer’s claims for rescission and as to the first count of Todd Bainer’s counterclaim in the
 
 *152
 
 foreclosure case. The lender also seeks summary judgment as to its own claims in the foreclosure case.
 

 Pursuant to Practice Book § 384, summary judgment “shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of statutory law, entitled him to a judgment as a matter of law;
 
 Suarez
 
 v.
 
 Dickmont Plastics Corp.,
 
 229 Conn. 99, 105, 639 A.2d 507 (1994);
 
 D.H.R. Construction Co.
 
 v.
 
 Donnelly,
 
 180 Conn. 430, 434, 429 A.2d 908 (1980); and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381.
 

 “In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.” (Citations omitted; internal quotation marks omitted.)
 
 Connell
 
 v.
 
 Colwell,
 
 214 Conn. 242, 246-7, 571 A.2d 116 (1990).
 

 In moving for summary judgment in Docket No. 93-349480, the lender asserts that Kathy Bainer had no statutory right to rescind the loan transaction by which she and Todd Bainer borrowed $292,000 from it. Kathy Bainer’s complaint alleges, in a single count, that the loan transaction was “a refinance of existing debts secured by mortgages against [her] principal residence and a consumer credit transaction within the meaning of 15 U.S.C. § 1635.” She further alleges that she “was not provided with the rescission rights described in 15 U.S.C. § 1635 on July 2,1990, or at any time thereafter,”
 
 *153
 
 and that the lender refused to give effect to her alleged right to rescind when she exercised it on April 1, 1993.
 

 There is no dispute that Kathy Bainer executed a document titled “Rapid Equity Mortgage Note” on July 2, 1990, promising to pay the lender $292,000 and that to secure the loan she executed a mortgage to a property known as 10 Overlook Drive in North Branford, which was to be her principal residence. It is further undisputed that the proceeds from that loan were disbursed in part to pay off prior loans secured by mortgages issued to other lenders as to the same property, and in part to pay $60,000 to the contractor who had built a house on the property for Kathy Bainer and her husband, Todd Bainer. The statement of settlement charges issued to set forth the disbursements made of the loan proceeds clearly states that $60,000 was disbursed to Rose Construction, Inc., for the “contract balance” and lire reference is not claimed by the borrowers to be to any contract other than the contract to construct the house.
 

 It is, however, also undisputed that, at the closing, the lender presented Kathy Bainer with a document titled “Notice of Right to Cancel” and that she acknowledged receipt of that document on July 2, 1990. That document stated: “You are entering into a transaction that will result in a mortgage/deed of trust on your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last: (1) the date of this transaction, which is July 2, 1990, or (2) the date you received your Truth-in-Lending disclosure, or (3) the date you received this notice of your right to cancel.” At the bottom of the notice of the right to cancel the following statement was typed in: “I hereby waive my right to rescind the above transactions as to do so would cause undue hardship.” This statement is signed by Kathy Bainer.
 

 
 *154
 
 It is further undisputed that on July 2, 1990, when she executed the mortgage and the note to the lender, Kathy Bainer was the record owner of the lot known as 10 Overlook Road, having acquired title by a warranty deed dated September 20, 1988. At the time of acquisition, she executed a mortgage for $75,000 to Connecticut National Bank, secured by that property. It is further undisputed that on January 30, 1990, Todd Bainer entered into a contract with Rose Construction, Inc., to build a house on the lot for use as his own and Kathy Bainer’s primary residence, and that the total amount of the contract was $170,000. It is undisputed that Kathy Bainer mortgaged the property in favor of Connecticut National Bank to secure a loan of $85,000 on October 20, 1989, and that she executed another such mortgage to Branford Savings Bank to secure a loan for $140,000 on May 16, 1990.
 

 The sole ground raised by the lender in its motion for summary judgment is that the loan transaction at issue is of a type expressly exempted by the act from the duty to give notice of a right to rescind and that the statutory right to rescind that is the basis of Kathy Bainer’s claim is nonexistent as a matter of law. As to the first count of Todd Bainer’s counterclaim in Docket No. 92-0341538, the lender similarly contends that no counterclaim may be maintained alleging violation of the act’s duty to provide notice of the right to rescind and to give effect to the exercise of that right. The lender does not claim that the waiver cited above precludes invocation of the right to rescind, if such a right exists.
 

 Regulation Z, the set of administrative regulations implementing the act pursuant to 15 U.S.C. § 1601 et seq. provides, at 12 C.F.R. § 226.23 (a) in relevant part: “In a credit transaction in which a security interest is or will be retained or acquired in a consumer’s principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the
 
 *155
 
 right to rescind the transaction, except for transactions described in paragraph (f) of this section.”
 

 The lender asserts that the exemption listed at 12 C.F.R. § 226.23 (f) applies: “The right to rescind does not apply to the following: (1) A residential mortgage transaction.”
 

 The term “residential mortgage transaction” is defined in the regulations at § 226.2 (a) (24) as follows: “Residential mortgage transaction means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained in the consumer’s principal dwelling to finance the acquisition or initial construction of that dwelling.”
 

 Another provision, 12 C.F.R. § 226.23 (f) (2), exempts from the right to rescind refinancings by the same creditor who already holds a security interest in the consumer’s primary residence. The Federal Reserve Board’s official staff interpretation regarding this section provides: “The exemption in § 226.23 (f) (2) applies only to refinancings (including consolidations)
 
 by the original
 
 creditor.” (Emphasis added.) Consumer Credit Guide f3416.04, comment 23 (f)-4 (CCH 1994).
 

 Read in combination, the exemptions to the right of rescission apply only to loans extended for the initial acquisition or construction of a primary residence or to refinancing by the same creditor that issued the original acquisition or construction financing.
 

 According to the 1993 Supplement to the National Consumer Law Center’s Handbook on Truth in Lending, “if the consumer had previously purchased the property and acquired some title (even if it was not full legal title), a subsequent transaction is not acquisition financing, and therefore, not within this ‘residential mortgage
 
 *156
 
 transaction.’ ” K. Keest & E. Sarason, Truth in Lending (2d Ed.) § 6.2.2.2 (National Consumer Law Center, 1993 Sup.).
 

 The transaction at issue is not the financing by which the consumer acquired the property. It is, however, in part, construction financing, to the extent of the $60,000 disbursed to Rose Construction, Inc.
 

 Where a loan transaction is a hybrid, consisting partly of financing to acquire or to construct a residence and partly of financing for other purposes, the official staff interpretation of the Federal Reserve Board, Consumer Credit Guide If3416.03, comment 23 (f)-3 (CCH 1994), indicates that the entire loan is exempt from the right to rescind as long as the two purposes are part of one transaction. If they are divided into separate transactions, such as a loan for acquisition and a subsequent loan for improvements, then only the loan for acquisition of the existing residence is exempt, and the right to rescind applies to the advances for improvement. Id.
 

 In the cases now before this court, the construction financing was part of a single transaction, not a separate transaction, and therefore the entire transaction was subject to the exemption identified at § 226.23 (f) (1), and no right of rescission applied.
 

 The borrowers argue that because the lender provided them at the closing with the document titled “Notice of Right to Cancel” there is a genuine issue of fact that precludes summary judgment. It appears that the borrowers have confused an estoppel argument with the identification of an issue of fact. They take the position that because the lender provided them with a document required by the act, the applicability of the act’s requirements to the transaction becomes an issue of fact.
 

 The applicability of a statute to a factual situation presents an issue not of fact but of law. In
 
 Mingadlos
 
 
 *157
 
 v.
 
 CBS, Inc.,
 
 196 Conn. 91, 99, 491 A.2d 368 (1985), for example, the Supreme Court approved the granting of summary judgment where the issue was whether the bar of the worker’s compensation act applied to the claim at issue. Disagreements between the parties as to the legal issue of whether a statute applies to the factual circumstances presented does not constitute a dispute as to fact, but a dispute as to law, and disagreements as to the construction and applicability of a statute are properly resolved upon summary judgment. Id.; see also
 
 Burns
 
 v.
 
 Hartford Hospital,
 
 192 Conn. 451, 472 A.2d 1257 (1984) (applicability of General Statutes § 52-584 properly decided on motion for summary judgment);
 
 Palmieri
 
 v.
 
 Winnick,
 
 10 Conn. App. 18, 521 A.2d 210 (1987) (applicability of General Statutes § 31-293a decided on summary judgment).
 

 The court finds unpersuasive the borrowers’ argument that because the lender provided them with a form used to fulfill the act’s requirements, the act applied to the transaction. This argument amounts to a contention that a statute applies simply because a party has assumed it does and that parties are barred from subsequent research into the actual applicability of a law. The borrowers have cited no case law to support the proposition that a party’s opinion as to the applicability of a statute in fact determines the law’s applicability. In the absence of considerations not present here, such as reliance on incorporation of the terms of a statute in a transaction, as
 
 in Mack Financial Corp.
 
 v.
 
 Crossley,
 
 209 Conn. 163, 165, 550 A.2d 303 (1988), this court does not agree that a party’s assumption that a statute applies to a given situation establishes that it does. The note in the transaction at issue, unlike the contract in
 
 Mack Financial Corp.,
 
 does not incorporate the provisions of the act with regard to a right to rescind.
 

 Because the transaction at issue was, in part, financing to pay for the initial construction of the borrowers’
 
 *158
 
 principal dwelling, the right of rescission did not apply. The lender’s motions for summary judgment are granted as to the claims of Kathy Bainer in Docket No. 93-0349480 and as to the first count of Todd Bainer’s counterclaim in Docket No. 92-0341538.
 

 The lender has also moved for summary judgment as to its claims in the foreclosure action. Since not all of Todd Bainer’s special defenses have been adjudicated, however, the lender’s entitlement to summary judgment has not been established, and that portion of the motion is denied.