## KATHY F. BAINER *v.* CITICORP MORTGAGE, INC. (15260)

Peters, C. J., and Borden, Berdon, Norcott and Katz, Js.

Argued February 13—decision released March 12, 1996

*Robert T. Harrington,* for the appellant (plaintiff).

*Raymond C. Bliss,* for the appellee (defendant).

PER CURIAM. The principal issue in this rescission action is whether documents prepared in conjunction with the execution of a note and mortgage complied with the requirements of the federal Truth in Lending Act, codified at 15 U.S.C. § 1601 et seq. The defendant, Citicorp Mortgage, Inc., brought an action to foreclose a mortgage executed by the plaintiff Kathy Bainer and by Todd Bainer. The plaintiff challenged the validity of the mortgage, both indirectly in the mortgage foreclosure action through a counterclaim filed by Todd Bainer, and directly in a separate action seeking rescission of the loan transaction. The two actions were consolidated for trial, and the defendant filed a motion for summary judgment with regard to both of them. The trial court granted the motion with respect to the plaintiff's claims. The plaintiff appealed to the Appellate Court from the judgment of the trial court in the rescission action,[1] and we transferred the appeal to this court

---

[1] The Appellate Court dismissed Todd Bainer's appeal in the foreclosure action for lack of a final judgment. The foreclosure action is pending in the trial court.

pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We now affirm the judgment of the trial court.

The parties agree that the plaintiff has a right to rescind a mortgage and loan transaction under the Truth in Lending Act only if the mortgage at issue is *not* a residential mortgage. The parties do not dispute that the proceeds of the mortgage presently at issue had been used, in significant part, to satisfy a contract for the construction of a residence on the mortgaged property. Relying on detailed and specifically applicable federal regulations issued to implement the statutory requirements of the Truth in Lending Act,[2] the trial court concluded that such a hybrid mortgage is a residential mortgage to which the federal statutory right of rescission does not apply. 12 C.F.R. § 226.23 (f) (1) (1995). The trial court further concluded that the defendant had not agreed to extend to the plaintiff any rescission rights contained in the inapplicable Truth in Lending Act requirements. The plaintiff challenges the validity of both of these conclusions of law.

Our examination of the record and the briefs and arguments of the parties persuades us that the judgment of the trial court should be affirmed. The central issues relating to the applicability of the Truth in Lending Act to this transaction were properly resolved in the thoughtful and comprehensive memorandum of decision filed by the trial court. *Bainer* v. *Citicorp Mortgage, Inc.*, 44 Conn. Sup. 148, 672 A.2d 541 (1994).

[2] The trial court based its decision in large part on the Federal Reserve Board's official staff interpretations of Regulation Z, the administrative regulation issued by that board that construes the applicable provisions of the Truth in Lending Act. See 12 C.F.R. Pt. 226, Sup. I, p. 293 (1995). The official staff interpretations expressly provide, in accordance with § 130 (f) of the Truth in Lending Act; 15 U.S.C. § 1640; that "[g]ood faith compliance with this commentary affords protection from liability" under the act. 12 C.F.R. Pt. 226, Sup. I, p. 285 (1995); see also *Ford Motor Credit Co.* v. *Milhollin*, 444 U.S. 555, 565, 100 S. Ct. 790, 63 L. Ed. 2d 22 (1980).

Because that memorandum of decision fully states and meets the arguments raised in the present appeal, we adopt the trial court's well reasoned decision as a statement of the facts and the applicable law on that issue. It would serve no useful purpose for us to repeat the discussion therein contained. Cf. *Val-Pak of Central Connecticut North, Inc.* v. *Commissioner of Revenue Services*, 235 Conn. 737, 740, 669 A.2d 1211 (1996); *Greater Bridgeport Transit District* v. *State Board of Labor Relations*, 232 Conn. 57, 64, 653 A.2d 151 (1995).

The judgment is affirmed.