J-A17043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| APEX COMMUNITY FEDERAL CREDIT UNION | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SANDRA ARASIN AND RANDY STETLER | |
| Appellants | No. 2074 EDA 2015 |

Appeal from the Judgment Entered September 10, 2015
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2013-11073

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 27, 2016**

Appellants, Sandra Arasin and Randy Stetler, appeal from the judgment entered in the Chester County Court of Common Pleas, in favor of Appellee, Apex Community Federal Credit Union ("Apex"), in this action to foreclose on real property.  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  **See** Trial Court Decision, filed February 23, 2015, at 1-3.  We supplement the procedural history as follows.  On February 23, 2015, the court entered an *in rem* judgment only in favor of Apex totaling $98,360.29, together with other costs and charges collectible under the mortgage, for foreclosure and sale of the mortgaged premises, limited to the vacant lot next to Appellants' residential property.

_____

*Retired Senior Judge assigned to the Superior Court.

Notice of the court's decision was sent to the parties on the same date. Appellants filed post-verdict motions on March 6, 2015, which the court denied by order dated June 8, 2015, and entered June 9, 2015. Appellants filed a notice of appeal on July 9, 2015. The court ordered Appellants on July 13, 2015, to file a concise statement of errors complained of on appeal pursuant to Pa.R.C.P. 1925(b), and they timely complied on August 3, 2015. The court entered judgment on the verdict on September 10, 2015.[1][2]

_____

[1] Ordinarily, an appeal properly lies from the entry of judgment, not from the order denying post-trial motions. **See generally Johnston the Florist, Inc. v. TEDCO Constr. Corp.**, 657 A.2d 511 (Pa.Super. 1995) (*en banc*). Nevertheless, a final judgment entered during pendency of an appeal is sufficient to perfect appellate jurisdiction. **Drum v. Shaull Equipment and Supply, Co.**, 787 A.2d 1050 (Pa.Super. 2001), *appeal denied*, 569 Pa. 693, 803 A.2d 735 (2002). Here, Appellants filed a notice of appeal prematurely on July 9, 2015, prior to the entry of judgment. On September 10, 2015, Appellants filed a *praecipe* to enter judgment. Thus, Appellants' notice of appeal relates forward to September 10, 2015, the date judgment was entered. **See** Pa.R.A.P. 905(a)(5) (stating notice of appeal filed after court's determination but before entry of appealable order/judgment shall be treated as filed after entry of appealable order/judgment and on date of entry). Hence, no jurisdictional defects impede our review.

[2] On March 28, 2016, Apex filed a motion to quash Appellants' appeal on the ground that their post-verdict motions were filed one day late; therefore, Appellants waived all issues on appeal. Nevertheless, "Recent case law provides that an issue presented to a trial court in untimely post-verdict motions is considered preserved as long as the trial court chooses to address the claim presented in the untimely motion. … By considering untimely post-verdict motions, the trial court is deciding whether to right a wrong." **Dougherty v. Edward J. Meloney, Inc.**, 661 A.2d 375, 389 (Pa.Super. 1995), *appeal denied*, 544 Pa. 608, 674 A.2d 1072 (1996). **See also Millard v. Nagle**, 587 A.2d 10 (Pa.Super. 1991), *affirmed*, 533 Pa. 410, 625 A.2d 641 (1993) (stating so long as court has jurisdiction, it can exercise its equitable powers to address merits of untimely post-verdict
*(Footnote Continued Next Page)*

Appellants raise six issues for our review as follows:

DID THE HONORABLE TRIAL COURT COMMIT AN[] ERROR OF LAW WHEN IT ENTERED THE ORDER OF FEBRUARY 23, 2015[,] ENTERING JUDGMENT *IN REM* IN FAVOR OF APPELLEE[,] APEX FEDERAL CREDIT UNION?

1. THE TRIAL COURT COMMITTED ERROR OF LAW WHEN IT ENTERED THE ORDER OF FEBRUARY 23, 2015[,] ENTERING JUDGMENT *IN REM* IN FAVOR OF APPELLEE[,] APEX FEDERAL CREDIT UNION AS IT FAILED TO PROPERLY APPLY THE TRUTH IN LENDING ACT AND THE HOME OWNERSHIP EQUITY PROTECTION ACT.

2. THE TRIAL COURT COMMITTED ERROR OF LAW WHEN IT ENTERED THE ORDER OF FEBRUARY 23, 2015[,] ENTERING JUDGMENT *IN REM* IN FAVOR OF APPELLEE[,] APEX FEDERAL CREDIT UNION AS THE ACT

*(Footnote Continued)* ————————————————

motions; court's decision to consider motions is not subject to appellate review, unless opposing party has objected and demonstrated prejudice; "If no objection is raised by the opposing party and the trial court rules on the merits of the issues contained in untimely filed motions, the trial court's action will be considered an implicit grant of leave to the filing of the motions. This decision [to address the untimely motions] should not be subject to review by this [C]ourt, and we should go on to consider the issues contained in these motions on their merits, as did the trial court").

Instantly, the court entered its verdict on February 23, 2015. Appellants filed their post-verdict motions on Friday, March 6, 2015. Apex, however, did not object to the untimeliness of Appellants' post-verdict motions; and the trial court addressed the motions and denied them on the merits. Absent objection from Apex in the trial court, we will not examine the court's decision to address the motions; and we will consider Appellants' issues preserved. **See id.** Moreover, we observe that when issues are actually waived for appellate review, we affirm rather than quash the appeal. **See generally In re K.L.S.**, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (stating where issues are waived on appeal, we should affirm rather than quash appeal). Accordingly, we deny Apex's open motion to quash the appeal on the ground stated.

6/91 NOTICE FAILED TO PROPERLY COMPLY AND MEET WITH REQUIREMENTS OF ACT 6 AND ACT 91.

3.    THE TRIAL COURT COMMITTED ERROR OF LAW WHEN IT ENTERED THE ORDER OF FEBRUARY 23, 2015[,] ENTERING JUDGMENT *IN REM* IN FAVOR OF APPELLEE[,] APEX FEDERAL CREDIT UNION AND FAILED TO AWARD RECOUPMENT DAMAGES OFFSETTING THE JUDGMENT AMOUNT AS IT FAILED TO PROPERLY APPLY THE TRUTH IN LENDING ACT AND THE HOME OWNERSHIP EQUITY RELIEF ACTS AND HELD THAT DEFENSIVE RECOUPMENT WAS UNAVAILABLE DUE TO THE HOLDING IN ***NEW YORK GUARDIAN MORTGAGE V. DIETZEL***, 524 A.2D 951 (PA.SUPER 1987)[.]

4.    THE TRIAL COURT COMMITTED ERROR OF LAW WHEN IT ENTERED THE ORDER OF FEBRUARY 23, 2015[,] ENTERING JUDGMENT *IN REM* IN FAVOR OF APPELLEE[,] APEX FEDERAL CREDIT UNION WHEN IT ISSUED A CONTRADICTORY AND UNCLEAR DECISION REGARDING THE LEGAL ISSUES AND DEFENSES AS [THEY] RELATE[] TO BOTH THE PRINCIPAL RESIDENCE AND VACANT LAND LOCATED AT 874 AND 876 WEST CEDARVILLE ROAD, POTTSTOWN, PA.

5.    THE TRIAL COURT COMMITTED ERROR OF LAW WHEN IT ENTERED THE ORDER OF FEBRUARY 23, 2015[,] ENTERING JUDGMENT *IN REM* IN FAVOR OF APPELLEE[,] APEX FEDERAL CREDIT UNION WHEN IT CONCLUDED THAT SINCE THE FINAL FOCUS OF [] [APEX'S] CLAIM[] WAS THE VACANT LAND THAT THE TRUTH IN LENDING ACT AND THE HOME OWNERSHIP EQUITY PROTECTION ACT DID NOT APPLY.

6. DID THE HONORABLE TRIAL COURT ABUSE ITS DISCRETION WHEN IT *SUA SPONTE* PERMITTED APPELLEE[,] APEX FEDERAL CREDIT UNION TO AMEND ITS REQUEST FOR RELIEF WITHOUT FORMAL MOTION IN VIOLATION OF PENNSYLVANIA RULE[S] OF CIVIL PROCEDURE [§] 1033?

(Appellant's Brief at 4-6).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinions of the Honorable Mark L. Tunnell, we conclude Appellants' issues merit no relief. The trial court fully and properly supported its decision. ***See*** Trial Court Opinion, filed February 23, 2015, at 8-11; Trial Court Order, filed June 9, 2015, at 1-2; Trial Court Opinion, filed September 25, 2015, at 1-2) (finding: **(1)** Appellants created "hybrid mortgage" when they secured loan with their principal dwelling/residence and vacant lot next door; vacant lot is not principal dwelling/residence and does not fall under guidelines of Truth in Lending Act ("TILA") or Home Owner Equity Protection Act ("HOEPA"); Apex provided TILA disclosure when loan was executed; however, simple action of providing TILA disclosure does not qualify loan as residential mortgage or denote loan is covered by pre-foreclosure statutes at issue; ultimately, TILA disclosures were not required for vacant lot; **(2)** vacant lot is not Appellants' principal dwelling/residence, and Apex had no responsibility to send Act 6 or Act 91 pre-foreclosure notices for vacant lot; assuming court found vacant lot to be part of Appellants' principal dwelling/residence, their argument is still without merit; Apex sent Act 6/91 notice prior to commencing this action in mortgage foreclosure as required;[3] Apex's Act 6/91 pre-foreclosure

_____

[3] A Rule 1925(b) statement that is not specific enough for the trial court to identify and address an issue Appellants wish to raise on appeal may result in waiver. ***Commonwealth v. Reeves***, 907 A.2d 1 (Pa.Super. 2006),
*(Footnote Continued Next Page)*

- 5 -

notice was legally sufficient, despite Apex labeling Appellants' address incorrectly on page 2 of notice; Apex provided Appellants' correct address on page 4 of notice, which mended error in question; minor typographical error was not fatal to Apex's Act 6 and Act 91 notice and did not render notice "defective"; **(3)** presupposing Appellants' argument that their "hybrid mortgage" fell under HOEPA guidelines, they are still not entitled to defensive recoupment; mortgage foreclosures are *in rem* actions and not actions to collect money damages, which HOEPA's lender liability guidelines require for defensive recoupment; **(4)** Apex removed Appellants' principal dwelling/residence from requested relief and was no longer prosecuting that part of claim; **(5)** Apex's decision to limit requested relief to Appellants'

*(Footnote Continued)* _____

*appeal denied*, 591 Pa. 712, 919 A.2d 956 (2007). Further, "The Pennsylvania Rules of Appellate Procedure require that each question an appellant raises be supported by discussion and analysis of pertinent authority, and failure to do so constitutes waiver of the claim." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1287 (Pa.Super. 2014) (*en banc*), *appeal denied*, 628 Pa. 627, 104 A.3d 1 (2014). ***See*** Pa.R.A.P. 2119(a)-(b). Instantly, in their brief, Appellants averred Apex was required to file their complaint in mortgage foreclosure within one year of sending the Act 6/91 notice. Appellants, however, did not specifically detail this issue in either their post-trial motions or in their Rule 1925(b) statement. Moreover, Appellants provided no statutory authority or case law to establish that Apex had only one year, after sending the Act 6/91 notice, to commence their action in mortgage foreclosure. Further, Appellants failed to disclose that they filed for bankruptcy numerous times after notice and during the pre-foreclosure process, which would automatically impair Apex's ability to commence any action in mortgage foreclosure. Due to Appellants' bankruptcy actions, Apex could not file its complaint in mortgage foreclosure until the bankruptcy filings were resolved. Nevertheless, Appellants did not properly preserve this issue, so it is waived on appeal.

vacant property did not amount to amended complaint; significantly, if Apex had moved for leave to amend its complaint, court would have granted motion; Appellants failed to show how they were prejudiced by Apex's removal of principal dwelling/residence from requested relief in this mortgage foreclosure action; **(6)** Apex had right to modify pleadings any time before, during, or after trial and had authority to limit scope of requested relief exclusively to Appellants' vacant lot, even without leave of court or agreement with Appellants).  We accept the court's analysis and affirm on the basis of the trial court's opinions and order.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/27/2016





| | |
|---|---|
| APEX COMMUNITY FEDERAL CREDIT UNION, <br>            Plaintiff, <br><br> v. <br><br> SANDRA E. ARASIN and <br> RANDY L. STETLER, <br>            Defendants. | IN THE COURT OF COMMON PLEAS <br> CHESTER COUNTY, PENNSYLVANIA <br><br> NO. 2013-11073 <br><br> CIVIL ACTION |

**SENT**

**FEB 25 2015**

*Robert L. Stauffer, Esquire, Attorney for the Plaintiff*

*Brian J. Smith and Joseph A. Diorio, Esquire, Attorneys for the Defendants*

## DECISION

On July 22, 2008, defendants Sandra Arasin and Randy Stetler borrowed $77,000.00 from Apex Community Federal Credit Union ("Apex"). In order to secure the Loan, Arasin executed a mortgage in favor of Apex on two properties located at 874-876 Cedarville Road, Pottstown, PA. After defendants admittedly defaulted under the terms of the Loan, Apex filed a complaint in mortgage foreclosure. Defendants answered the complaint and asserted the following defenses: (1) Apex cannot prevail on its claim because it provided defendant Arasin with a defective Act 6/91 notice and (2) the defense of recoupment, *i.e.* any damages Apex is entitled to recover must be reduced by the amount owed by Apex to defendants as a penalty for its violation of the Truth in Lending Act ("TILA") and the amendment thereto, the Homeownership Equity Protection Act ("HOEPA").

The matter came to trial on January 23, 2015.

For the reasons discussed herein, the court finds in favor of Apex.

## FINDINGS OF FACT

1. Plaintiff, Apex Community Federal Credit Union ("Apex"), is a registered federal credit union doing business at 540 Old Reading Pike, Stowe, PA 19464.

1

2. Defendants, Sandra Arasin and Randy Stetler, reside at 874 Cedarville Road, Pottstown, PA 19454.

3. Arasin owns the real property located at 874 Cedarville Road, Pottstown, PA 19454. (Pl.'s. Ex. A.)

4. Arasin also owns the land located at 876 Cedarville Road, Pottstown, PA. (*Id.*)

5. On July 22, 2008, defendants borrowed $77,000.00 from Apex (the "Loan").

6. In order to secure the Loan, Arasin executed a mortgage in favor of Apex on the property located at 874-876 Cedarville Road, Pottstown, PA (the "Mortgage"). (*Id.*)

7. The Mortgage was filed and recorded in the Office of the Recorder of Deeds, Chester County, Book Number 7510 at page 91. (*Id.*)

8. At the time of the Loan's inception, Apex provided Arasin and Stetler with closing documents. The Loan documents included the Mortgage, a promissory note, a Form HUD-1, a Note and Fixed Rate Disclosure Statement and a Notice of the Right to Cancel.

9. Apex did not tender or deliver to defendants any other disclosures regarding the Loan.

10. Defendants concede they defaulted on the mortgage payments. (Def.'s FOF No. 5.)

11. Prior to instituting its foreclosure action, on March 1, 2012, Apex sent Arasin a combined Act 6 and Act 91 Notice ("Act 6/91 Notice"). (Pl.'s. Ex. D.)

2

12. The Act 6/91 Notice on page 2 incorrectly identified the address of the property subject to the mortgage and foreclosure, but correctly identified such property on page 4 under the section "How to Cure Your Mortgage Default." (*Id.*)

13. Following their default and in order to avoid foreclosure, defendants filed several bankruptcies. The bankruptcy cases were unsuccessful.

14. A trial on this matter was held on January 23, 2015. All of the parties appeared and were represented by counsel.

## DISCUSSION

Defendants concede that that they defaulted on their mortgage payments. (Def.'s FOF No. 7 and COL No. 10.) Notwithstanding these admissions, defendants argue that Apex's claim fails as a matter of law because (1) the combined Act 6/91 Notice sent by Apex to defendant Arasin was defective and (2) defendants are entitled to statutory damages, pursuant to the TILA and HOEPA and asserted as a defense of recoupment, which would nullify any recovery.

Although both of these asserted defenses can implicate any number of legal issues and provisions of the TILA/HOEPA, whether or not these defenses prevent Apex from recovering in this case turns on an initial question: does this foreclosure action involve a mortgage subject to these statutes, *i.e.* is it a "residential mortgage" securing a principal dwelling? If it is, then (a) the notice requirements of ACT 6 and 91 apply and an analysis of whether Apex's Act 6/91 Notice was defective becomes necessary, and (b) the duties, obligations and remedies provided for in the TILA/HOEPA may be implicated, requiring

3

further analysis of these statutes by this court. The court, therefore, begins with this threshold question.

### 1. Which mortgages are subject to the notice requirements of ACT 6/91?

Act 6 and Act 91 both delineate the notice requirements for a residential mortgagee seeking to institute a foreclosure action against a mortgagor. *Wells Fargo Bank v. Spivak*, 104 A.3d 720 (Pa. Super. 2014).

Pennsylvania's Loan Interest and Protection Act, also known as "Act 6", is a "comprehensive interest and usury law with numerous functions" that offers protection for homeowners with residential mortgages from "overly zealous residential mortgage lenders." *Beckett v. Laux,* 395 Pa. Super. 563, 577 A.2d 1341, 1343 (1990) (internal quotations omitted); 41 Pa. Stat. Ann. § 101 (West 1999 & Supp. 2012), *et seq.* Act 6 requires that certain notice be given "[b]efore any residential mortgage lender may accelerate the maturity of any residential mortgage obligation, commence any legal action including mortgage foreclosure to recover under such obligation, or take possession of any security of the residential mortgage debtor for such residential mortgage obligation . . .." 41 Pa. Stat. Ann. § 101. The statute defines a "residential mortgage lender" as any person "who lends money ... and obtains a residential mortgage to assure payment of the debt ...." (*Id.*) A "residential mortgage" is defined as "an obligation to pay a sum of money in an original bona fide principal amount of the base figure or less, evidenced by a security document and secured by a lien upon real property located within this Commonwealth containing two or fewer residential units or on which two or fewer residential units are to be constructed and shall include such an obligation on a residential condominium unit." (*Id.*).

4

The Homeowners Emergency Mortgage Assistance Program, also known as "Act 91", requires a mortgagee who desires to foreclose to send notice to the mortgagor "advis[ing] the mortgagor of his delinquency ... and that such mortgagor has thirty (30) days to have a face-to-face meeting with the mortgagee who sent the notice or a consumer credit counseling agency to attempt to resolve the delinquency. . .." *Beneficial Consumer Disc. Co. v. Vukman*, 621 Pa. 192, 77 A.3d 547, 550 (2013); 35 P.S. § 1680.403c(a)-(b)(1), *amended by* P.L. 841, No. 60, § 2 (July 8, 2008)). "[T]he purpose of an Act 91 notice is to instruct the mortgagor of different means he may use to resolve his arrearages in order to avoid foreclosure on his property and also gives him a timetable in which such means must be accomplished." *Wells Fargo Bank, N.A. ex rel. Certificate Holders of Asset Backed Pass-through Certificates Series 2004–MCWI v. Monroe*, 966 A.2d 1140, 1142 (Pa. Super. 2009). Act 91 provides in pertinent part:

> (a)     The Pennsylvania Housing Finance Agency, hereinafter referred to as the "agency," may make loans secured by liens on residential real property located in Pennsylvania . . . The provisions of this article shall not be applicable if:
>
> (1) The property securing the mortgage is not the principal residence of the mortgagor.
> (2) The property securing the mortgage is not a one or two-family owner-occupied residence.

Unlike Act 6, the terms included above and applicable in this case are undefined in the statute. *See* 35 P.S. §1680.103.

**2.     Which mortgages are subject to the provisions of the TILA/HOEPA and permit the defense of recoupment?**

In 1968, Congress enacted the TILA, which governs the terms and conditions of consumer credit and requires lenders to disclose certain loan information such as loan fees

5

and costs. 15 U.S.C. § 1601 *et seq.; In re Crisomia,* 2002 WL 31202722, at *3 (Bankr. E.D.Pa. Sept. 13, 2002). Congress enacted HOEPA in 1994 as an amendment to TILA. Pub.L. 103–325 (amending TILA at 15 U.S.C. §§ 1601–02, 1604, 1610, 1639–41, 1648); *see also In re Jackson,* 245 B.R. 23, 25 (Bankr. E.D.Pa. 2000). HOEPA requires lenders to provide borrowers with additional disclosures, in conspicuous type size, with respect to certain home mortgages. 15 U.S.C. § 1639(a)(1). Regulation Z was issued to implement TILA and HOEPA. 12 C.F.R. § 226.1 *et seq.; Lopez v. Delta Funding Corp.,* 1998 WL 1537755, at * 7 (E.D.N.Y. Dec. 23, 1998).

The HOEPA requires certain disclosures at the time of the loan origination for "high cost" mortgages that reach certain designated triggers or thresholds. 15 U.S.C. § 1602(aa); 12 C.F.R. § 226.32(a). A "high cost" mortgage covered by HOEPA is a consumer credit transaction with a creditor:

> 3) that is secured by the consumer's principal dwelling
> 4) and is a second or subordinate residential mortgage,
> not a residential mortgage transaction, a reverse
> mortgage transaction, or a transaction under an open
> credit plan

For such loans, a failure to satisfy the requirements of TILA/HOEPA can result in civil liability for the lender, which may be asserted as a matter of defense by recoupment. *See* 15 U.S.C.A. §1640.

The HOEPA, therefore, does not apply to credit transactions unless such transactions are secured by a property used or intended to be used as the mortgagor's principal dwelling. 15 U.S.C. § 1603; *see also Antanuos v. First Nat'l Bank,* 508 F. Supp. 2d 466 (E.D. Va. 2007) (holding "TILA applies only to credit transactions secured by real or personal property used or expected to be used as the principal dwelling of the debtor").

6

3. **Is the subject mortgage a residential mortgage securing a principal dwelling and thus covered by Acts 6 and 91 and TILA/HOEPA?**

In order to answer this question, the court must consider the transaction at issue and the properties subject to the mortgage.

On July 22, 2008, defendants borrowed $77,000.00 from Apex. In order to secure the Loan Arasin executed a mortgage in favor of Apex on the properties located at 874-876 Cedarville Road, Pottstown, PA. (Pl.'s Ex. A.)

The Mortgage reads as follows:

> Borrower does hereby mortgage, grant and convey to Lender the following described property located in **CHESTER** County, Pennsylvania:
>
> ***See Copy of legal description attached hereto as "Exhibit A" and made a part hereof.**
>
> Parcel #: **17-3-206 AND 17-3-205**
>
> which has the address of **874-876 WEST CEDARVILLE ROAD POTTSTOWN**
>
> Pennsylvania **19645**

(*Id.*)

Each parcel identified above has its own deed. The grantee named in each deed is Arasin. Both deeds were executed on June 26, 2008. The deed for Parcel 17-3-205 (876 Cedarville Rd.) was recorded in the Office of Recorder of Deeds of Chester County at Mortgage Book 6887, page 2125. The deed for Parcel 17-3-206 (874 Cedarville rd.) was recorded in the Office of Recorder of Deeds of Chester County at Mortgage Book 6887, page 2129. The Mortgage was filed and recorded in the Office of the Recorder of Deeds, Chester County, Book 7510, page 91. (*Id.*)

7

Arasin and Stetler reside at 874 Cedarville Road, Pottstown, PA 19454. (Def.'s FOF, at ¶2.)

During closing argument at trial, defendants argued as defenses Apex's alleged violations of the notice provisions required under Act 6/91 and the TILA/HOEPA. At the close of trial, the court requested that the parties brief the issue of the applicability of the TILA/HOEPA to this transaction and also to submit proposed findings of fact and conclusions of law for the case. The parties did so.

Plaintiff contends in its post-trial brief that the statutory defenses raised by Arasin pursuant to the TILA/HOEPA do not apply here because this foreclosure action does not involve a loan secured by a consumer's principal dwelling. (Pl.'s COL, at ¶32; Pl.'s Brief, at pp. 1-2). It also argued that its Act 6/91 Notice, as provided, was sufficient. According to Apex, the subject of this mortgage foreclosure action is *only* Parcel No. 17-3-205 (876 Cedarville Rd.), unimproved land consisting of 5.480 acres. (Pl.'s FOF, at ¶6.) Although defendants challenge this argument and contend that it was not pled in the complaint, Apex did identify Arasin as the record owner of the real property and the land in separate paragraphs of its complaint. It averred that each was secured by the mortgage at issue. (Pl.'s Complaint at ¶¶ 5,6). If Apex now chooses to proceed against only one property, to the exclusion of the other, and in essence not prosecute a part of its claim, it may do so.[1]

Considering all of the facts in this case, the court concludes that this loan transaction is a hybrid --partly secured by a principal dwelling and partly secured by unimproved land. The court was unable to locate any binding precedent which addressed a similar transaction.

---

[1]To the extent defendants' argument suggests that they have been prejudiced by Apex's decision to move forward only against the land, the court concludes otherwise. First, Apex's position removes defendants' home from this foreclosure action. Second, defendants filed a reply brief challenging Apex's arguments and that brief was considered by the court.

The court, however, found persuasive the reasoning of the Superior Court of Connecticut, which tackled a similar issue under the TILA, in the case of *Bainer v. Citicorp Mortgage, Inc.*, 44 Conn.Supp. 148, 672 A.2d 541 (1994).

In *Bainer*, the Connecticut court was asked to consider whether a loan transaction that consisted partly of financing to acquire or construct a residence and partly of financing for other purposes would be exempt from the right of rescission provided for under the TILA – an exemption reserved for residential mortgage transactions. The court reasoned as follows:

> Where a loan transaction is a hybrid, consisting partly of financing to acquire or to construct a residence and partly of financing for other purposes, the official staff interpretation of the Federal Reserve Board, Consumer Credit Guide ¶ 3416.03, comment 23(f)–3 (CCH 1994), indicates that the entire loan is exempt from the right to rescind as long as the two purposes are part of one transaction. If they are divided into separate transactions, such as a loan for acquisition and a subsequent loan for improvements, then only the loan for acquisition of the existing residence is exempt, and the right to rescind applies to the advances for improvement. Id.

*Bainer*, 44 Conn. Supp. at 154, 672 A.2d at 544.

Similarly in this case, there is a single loan transaction secured partly by a principal dwelling/residence and partly by land. The mortgaged property/land at 876 Cedarville Rd. is not a principal dwelling and defendants do not reside at that property. (Def.'s FOF, at ¶2.) Although argued by defendants, the fact that Apex provided a TILA document to them does not control whether or not this hybrid mortgage is covered by the statutes at issue.[2] That conclusion of law is one left for the court, not the parties.

---

[2]It should also be noted that although a TILA disclosure may have been required for the 874 Cedarville Rd. property, the same would not apply to the mortgage securing the land.

9

The court concludes that the Mortgage securing 876 Cedarville Rd. is deemed to be other than a "residential mortgage" and is not a mortgage securing a principal dwelling as contemplated by the applicable statutory provisions. As such, the Mortgage does not fall within the parameters of Acts 6 and 91 or the liability provisions of TILA/HOEPA. *See also,* ROLAND E. BRANDEL, ET AL., TRUTH IN LENDING, A COMPREHENSIVE GUIDE § 4.03[24] (2d Ed. 1994) ("The definition of dwelling under [TILA] includes all real and personal property that is *used* as a residential structure and that contains one to four units.") (emphasis added).

### 4. Even if the provisions of Act 6 and 91 applied, Apex's notice was not defective.

If the court had found that this action involved a residential mortgage, the Act 6/91 Notice sent to Arasin by Apex was not defective. Although it mistakenly listed Apex's address on page 2 (Pl.'s Ex. D), the information allegedly omitted (the property address) was included in a later section of the Act 6/91 Notice at page 4. This section specifically discussed the steps defendants could take in order to avoid default. The typographical error identified did not result in a "defective" notice which precludes Apex from recovering on its claim.

### 5. Even if HOEPA applied, defendants are not entitled to assert the defense of recoupment.

Similarly, if the court had found that TILA/HOEPA applied in this case and the required disclosures were not made, defendants still would not be entitled to damages as a claim for recoupment.

10

Recoupment is only available under TILA as a "defense" in "an action to collect a debt", 15 U.S.C. § 1640(e). In *New York Guardian Mortgage v. Dietzel*, 524 A.2d 951, 953 (Pa. Super. 1987) the court held:

> An action in mortgage foreclosure is strictly an *in rem* proceeding, and the purpose of a judgment in mortgage foreclosure is solely to effect a judicial sale of the mortgaged property. *Meco Realty Co. v. Burns*, 414 Pa. 495, 200 A.2d 869 (1964). A judgment in a mortgage foreclosure action is not a judgment for money damages and therefore cannot be "an action to collect amounts owed" or "an action to collect the debt" as required under § 1640(h) and (e) of the Truth-In-Lending Act.

*See also, Green Tree Consumer Discount Co. v. Newton*, 909 A.2d 811 (Pa. Super. 2006)(acknowledging that while recoupment may be a defense in some actions, party may not assert such defenses when seeking remedies under TILA and section 1640 in mortgage foreclosure action).

Based on the above, the court makes the following

## CONCLUSIONS OF LAW

1.      The court has jurisdiction over this matter pursuant to 41 Pa. C.S.A. §931(a).

2.      Venue is properly set in the Court of Common Pleas of Chester County.

3.      The court has concurrent jurisdiction with the federal district court to determine this claim. *See* 15 U.S.C. §1640(e).

4.      The Mortgage was recorded properly at the Book and Page referenced above.

5.      All necessary and required parties have been named, served and have participated in this case.

6.      Defendants defaulted on the Note and Mortgage at issue.

11

7. Apex's Mortgage was not subject to the requirements of Act 6/91 and its Act 6/91 Notice, nonetheless, was not defective.

8. Defendants' new matter included the defense of recoupment.

9. Apex's Mortgage was not subject to the requirements of TILA/HOEPA. Even if Apex's Loan was subject to TILA/HOEPA, the defendant would not be entitled to a reduction of Apex's judgment by virtue of the defense of recoupment.

An appropriate order follows.

BY THE COURT:

Date: February 23, 2015

_____
Mark L. Tunnell,                    J.

12



APEX COMMUNITY FEDERAL CREDIT UNION,

Plaintiff,

v.

SANDRA E. ARASIN and
RANDY L. STETLER,

Defendants.

IN THE COURT OF COMMON PLEAS
CHESTER COUNTY, PENNSYLVANIA

NO. 2013-11073

CIVIL ACTION  S E N T

FEB 25 2015

*Robert L. Stauffer, Esquire, Attorney for the Plaintiff*
*Brian J. Smith and Joseph A. Diorio, Esquire, Attorneys for the Defendants*

## **ORDER**

AND NOW, this 23rd day of February, 2015, following a bench trial on January 23, 2015 and post-trial briefing by all parties, it is hereby ORDERED that

1.     An *in rem* judgment only is entered in favor of Plaintiff Apex Community Federal Credit Union in the amount of $98,360.29, identified as follows,

| | |
|---|---|
| Principal: | $76,083.84 |
| Interest: | $19,417.48 |
| Late Charges: | $   858.97  (plus interest at 14.49%) |

and other costs and charges collectible under the Mortgage for foreclosure and sale of the mortgaged premises.

2.     Plaintiff may foreclose only against the real estate located at 876 Cedarville Road, Pottstown, PA 19454, Parcel 17-3-205 recorded in the Office of Recorder of Deeds of Chester County at Mortgage Book 6887, page 2125 secured by the Mortgage dated July 22, 2008 and recorded in the Office of the Recorder of Deeds, Chester County, Book Number 7510 at page 91.

BY THE COURT:

_M. Tunnell_____
Mark L. Tunnell,          J.

SENT



| | |
|---|---|
| APEX COMMUNITY FEDERAL CREDIT UNION, <br>         Plaintiff, <br><br> v. <br><br> SANDRA E. ARASIN and <br> RANDY L. STETLER, <br>         Defendants. | IN THE COURT OF COMMON PLEAS <br> CHESTER COUNTY, <br> PENNSYLVANIA <br><br> NO. 2013-11073 <br><br> CIVIL ACTION |

*Robert L. Stauffer, Esquire, Attorney for the Plaintiff*
*Brian J. Smith and Joseph A. Diorio, Esquire, Attorneys for the Defendants*

### ORDER

AND NOW, this 8th day of June, 2015, after oral argument, the post-trial motion of defendants is DENIED.[1]

BY THE COURT:

*Mark L. Tunnell*

Mark L. Tunnell,         J.

---

[1]     Defendants' post-trial motion raises three challenges to the court's thirteen page Decision and Order dated February 23, 2015. Defendants first disagree with the court that the mortgage at issue was a "hybrid" mortgage (secured by (i) a property with a residence and (ii) a property involving land only) requiring a separate statutory analysis. They contend that the mortgage is "part of a package," subject to the statutory analysis applicable to solely residential mortgages and the statutory defenses raised by defendants. According to defendants, if analyzed using this criteria, they succeed in this action.

    Although the court acknowledges defendants' disagreement with its conclusions, they have failed to identify any error in the court's legal reasoning, whether through case law or other legal precedent. The arguments presented in defendants' post-trial briefing and at oral argument were the same as those the court considered and rejected at the time it rendered its Decision.

    The court's next alleged error is related to the first. Defendants argue that the court improperly amended *sua sponte* plaintiff's complaint "when it concluded that the

focus of plaintiff's claims was only the vacant land" and therefore the statutory requirements applicable to residential mortgages did not apply. This argument too was presented to the court during post-trial briefing and specifically addressed in the court's Decision at page 8.

The court's acceptance of plaintiff's decision to limit its requested relief to foreclosure on the unimproved land did not amend the complaint. Even if it was considered an amendment, it was permissible. Plaintiff stated in its post-trial briefing and proposed findings of fact/conclusions of law that it was proceeding only upon the unencumbered land. If defendants view that decision as an "amendment," then plaintiff's statements constituted a request for amendment, which the court granted as permitted under Pa. R. Civ. Pro. 1033. *See Horowitz v. Universal Underwriters Ins.*, 397 Pa. Super. 473, 580 A.2d 395 (1990)(recognizing that Rule 1033 permits amendments to pleadings at any time, including before, during and after trial.) Furthermore, there has been no showing that any "amendment" violated a positive rule of law or prejudiced defendants such that it should not have been allowed.

Finally, defendants challenge the court's conclusion that if the statutory provisions of TILA/HOEPA applied in this case (which it had concluded earlier did not), the defense of recoupment was not available to them. Despite defendants' re-assertion of that argument post-decision, the court has not been persuaded that a different conclusion is warranted in this case.

APEX COMMUNITY FEDERAL
CREDIT UNION,
         Plaintiff/Appellee,

v.

SANDRA E. ARASIN and
RANDY L. STETLER,
         Defendants/Appellants.

IN THE COURT OF COMMON
PLEAS
CHESTER COUNTY,
PENNSYLVANIA

NO. 2013-11073

CIVIL ACTION

*Robert L. Stauffer, Esquire, Attorney for the Appellee/Plaintiff*
*Brian J. Smith and Joseph A. Diorio, Esquire, Attorneys for the Appellants/Defendants*

## OPINION
## Pursuant to Pa. R.A.P. 1925(a)

Sandra Arasin and Randy Stetler ("Appellants") filed a timely appeal from the Decision and Order of this court entered February 23, 2015 in this mortgage foreclosure action following the denial of their motion for post-trial relief by Order dated June 8, 2015. On July 10, 2015, the court ordered Appellants to file a Concise Statement of the Errors Complained of on Appeal. They did so.

After review, the court believes that the appealed Decision and Order adequately explains the court's reasoning for its decision and addresses the main errors identified in the Concise Statement. In the interest of completeness, the court will address further two issues raised by Appellants' Statement of Errors.

**Errors Nos. 1, 3, 4, 6, and 8.**

Although set forth as five (5) distinct errors by Appellants, Error Nos. 1, 3, 4, 6, and 8 are simply different ways of arguing the same point – the court, in Appellants' view, improperly analyzed the subject mortgage as a "hybrid" mortgage as more fully

explained in the court's Decision. The court obviously disagrees with Appellants for all of the reasons set forth in its initial Decision.

**Error No. 2.**

Error No. 2 alleges that the court erred "when it failed to find that the Federal Truth In Lending Act and its subpart the Home Ownership Equity Protection Act to be a disclosure statute effective upon the offer of credit and not at the time of the commencement of foreclosure or at the entry of any judgment." The court is admittedly unclear as to what is meant by this alleged "error." To the extent that Error No. 2 challenges in yet another way the same decision of the court as expressed through Error Nos. 1, 3, 4, 6, and 8, *see* supra. The court, however, views this alleged error as an attempt by Appellants to raise an issue for the first time on appeal. Appellants made no such argument in their Motion for Post-Trial Relief or the brief submitted in support thereof. This issue has not been properly preserved for appellate review and Appellants have waived any such challenge. *See Parker Oil Co. v. Mico Petro and Heating Oil, LLC.*, 979 A.2d 854 (Pa. Super. 2009).

BY THE COURT:

_____

Mark L. Tunnell,                    J.